■ Arnold ˙ Hamby et al., Respondents, v High Steel

STRUCTURES, INC., et al., Defendants, and CLOUGH, HARBOUR & ASSOCIATES, Appellant. (Action No. 1.) AMBROSE N. GIBSON, as Administrator of the Estate of DARRYL G. GIBSON, Deceased, Respondent, v CLOUGH, HARBOUR & ASSOCIATES, Appellant. (Action No. 2.) (And a Third-Party Action.)—Order unanimously reversed on the law without costs and defendant Clough, Harbour & Associates' motion granted. Memorandum: Defendant Clough, Harbour & Associates contends that Special Term erred in denying its motion for summary judgment dismissing plaintiffs' complaints. We agree.

Defendant was the inspection engineer hired by the State for the I-81 reconstruction project in Syracuse, when a steel beam collapsed causing injuries and death to site personnel on which plaintiffs' action was based. In their complaints plaintiffs allege that defendant was liable for common-law negligence and for violations of Labor Law §§ 200, 240 and 241. In its summary judgment motion, defendant asserts that plaintiffs' complaints cannot be sustained as it had no authority to control or supervise the injured or deceased workers or to direct the construction methods or safety measures at the site. No liability may be imposed on a defendant based on a breach of the common-law duty to provide a safe workplace arising from a subcontractor's failure, unless it had control over the work being performed (Allen v Cloutier Constr. Corp., 44 NY2d 290, 299). This also is a precondition to imposing liability under Labor Law § 200 or as an agent of the owner pursuant to Labor Law §§ 240 and 241 (Russin v Picciano & Son, 54 NY2d 311, 317; Kerr v Rochester Gas & Elec. Corp., 113 AD2d 412). Additionally, engineers are specifically exempt from liability by Labor Law § 240 (1) and § 241 (9) if they do not direct or control the work. In response to this motion, plaintiffs submitted conclusory allegations by their attorneys which are insufficient to defeat summary judgment (see, David Graubart, Inc. v Bank Leumi Trust Co., 48 NY2d 554, 559). Further, the contract between the State and defendant does not authorize defendant to supervise or control the work site or establish construction methods or safety procedures. As plaintiffs have failed to submit evidentiary facts in admissible form that defendant had authority to direct or control the work, the workers or safety procedures, summary judgment must be granted (see, Wood v Nourse, 124 AD2d 1020, 1021). (Appeal from order of Supreme Court, Onondaga County, Murphy, J.—summary judgment.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.

■ ROBERT ABRAMS, as Attorney-General of the State of