■ JAMES DAVIS, Respondent, v LENOX SCHOOL, Respondent, and Third-Party Plaintiff-Respondent. JOHN L. PETRARCA, Appellant and Third-Party Defendant-Appellant; R & R CONSTRUCTION COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Plaintiff, et al., Third-Party Defendant.—Order, Supreme Court, Bronx County (Harold Tompkins, J.), entered on or about May 16, 1988, which, *inter alia,* denied defendant and third-party defendant Petrarca's motion for summary judgment dismissing the complaint, third-party complaint and cross claims against him, unanimously reversed on the law, without costs or disbursements, and the motion granted.

Petrarca contracted with Lenox School to provide architectural services in the construction of an addition to, and renovation of, Lenox's premises. Wildman and Bernhardt Construction, Inc. was retained as the general contractor, Petrarca, as agent for Lenox, entered into a subcontract with R & R Construction for the removal of the exterior metal fire escapes, window grates and fences. Plaintiff, an employee of R & R, was injured at the jobsite in the course of his employment and sued Lenox, which, in turn, impleaded Petrarca and R & R. The latter has asserted cross claims against Petrarca for contribution and indemnification. After service of the third-party complaint plaintiff amended his complaint to assert a direct claim against Petrarca. Petrarca moved for

summary judgment dismissing the complaint, third-party action and cross claims against him. The motion was denied in its entirety. We reverse.

Petrarca's contract with Lenox clearly limits his responsibilities to supervision of the construction, and compliance with the plans and specifications. He was not to have any control or responsibility "for construction means, methods * * * or for safety precautions and programs in connection with the work, for acts or omissions of the contractor, subcontractor or any other persons performing any of the work". Thus, Petrarca lacked authority to halt the work for unsafe conditions or to control or determine on-the-site working conditions, which, under Petrarca's contract with R & R, were specifically and exclusively the responsibility of R & R. The R & R contract provides that "[t]he subcontractor shall take all reasonable precautions for the safety of and shall prevent damage injury or loss to workmen". In the absence of any contractual right to supervise and control the construction work, as well as site safety, Petrarca, as the architect, cannot be held liable in negligence for plaintiff's injuries. (Fox v Jenny Eng'g Corp., 122 AD2d 532.) Before a statutory duty is imposed upon a party to provide a safe workplace, it must "have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition". (Russin v Picciano & Son, 54 NY2d 311, 317.) "Only obtaining the authority to supervise and control" does an architect have a nondelegable duty as an agent under sections 240 and 241 of the Labor Law. (Supra, at 318.) Nor can Petrarca be held liable for common-law negligence since there is no evidence of active negligence on his part. In such circumstances, he is not responsible for plaintiff's injuries. Accordingly, the complaint, third-party complaint and cross claims against him are dismissed. Concur—Murphy, P. J., Sullivan, Ross, Rosenberger and Wallach, JJ.