■ CATHERINE SANTORO, Respondent, v AMERICAN AIRLINES, INC., et al., Respondents and Third-Party Plaintiffs-Respondents, and LOCKWOOD GREENE ENGINEERS, INC., Appellant and Second Third-Party Plaintiff-Appellant. KALISCH-JARCHO, INC., Third-Party Defendant-Respondent and Second Third-Party Defendant-Respondent; IDEAL SUPPLY CO., Third-Party Defendant-Appellant and Second Third-Party Defendant-Appellant, et al., Third-Party Defendant and Second Third-Party Defendant. (And Another Action.)—Order, Supreme Court, New York County (Carol H. Arber, J.), entered on or about July 24, 1990, which, *inter alia,* upon reargument and renewal, adhered to a prior order of the same court, entered on January 5, 1990, insofar as it denied the motion of defendant Lockwood Greene Engineers, Inc. for summary judgment dismissing plaintiff Catherine Santoro's complaint and all cross claims and counterclaims as against Lockwood Greene Engineers, Inc., and the motion of third-party defendant Ideal Supply Co. for summary judgment dismissing the third-party complaint of defendants and third-party plaintiffs American Airlines, Inc. and the Port Authority of New York and New Jersey as against Ideal Supply Co. unanimously modified, on the law, to the extent of granting the motions to dismiss the claim

against Lockwood Greene Engineers, Inc. based upon Labor Law § 241, to dismiss the third-party complaint against Ideal Supply Co. and to dismiss the cross claim by Ideal Supply Co. against Lockwood Greene Engineers, Inc., and otherwise affirmed without costs.

Plaintiff's decedent was employed by defendant Kalisch-Jarcho, Inc. (Kalisch-Jarcho) a contractor of defendant American Airlines, Inc. (American), in a hangar at JFK Airport, owned by defendant Port Authority of New York and New Jersey (Port Authority) and leased to American. Defendant Lockwood Greene Engineers, Inc. (Lockwood) was the designer of a high-temperature hot water system in the hangar. On January 20, 1984, a steam pipe which was part of the hot water system exploded, thereby injuring decedent, who subsequently died of those injuries. After discovery, American and Port Authority sought indemnification or contribution from, *inter alia*, appellant Ideal Supply Co. (Ideal), which had allegedly furnished the ring gasket involved in the steam leak.

We find that the IAS court should have granted Ideal's motion for summary judgment since no evidence was presented that a defective gasket had caused the accident. In support of its motion, Ideal presented an affidavit by its expert witness, an engineering consultant, describing the cause of the accident as improper installation, i.e., the failure to remove a plastic dust cover from one of the valves. Ideal's theory of the accident was also supported by the affidavits submitted by plaintiff and by Lockwood, both of which were prepared by licensed engineers. The evidence offered in opposition on this issue consisted solely of an affidavit by counsel and an accident report stating that fragments of a gasket were discovered following the accident. Inasmuch as the shattering of the gasket was consistent with Ideal's theory, this report, without any expert support for an alternate theory, was inadequate to present a question of fact as to the cause of the accident, and summary judgment was therefore warranted.

Summary judgment should also have been granted to Lockwood as to the claim against it based on Labor Law § 241 (6), which provides, "All areas in which construction * * * work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein". While this statute may give rise to liability for injuries suffered as a result of its violation (*see, Russin v Picciano & Son,* 54 NY2d 311), subdivision (9) thereof provides that professional engineers may not be held liable if

they "do not direct or control the work for activities other than planning and design". Here, the extent of Lockwood's obligations during the construction phase of the project is set forth in a "Field Directive" and "Change Order", which modified the original contract and provided for the "scope of [Lockwood's] work to include shop drawing review, on site inspection as required, attendance at job meetings and responding to technical questions" and provided that a limited number of "man-day visits" were included in the quoted figure and that further visits would only be made by Lockwood if "required and requested by the Owner". In addition to these contractual provisions, plaintiff alleges that Lockwood was involved in preconstruction conferences.

While we are in agreement with the IAS court's conclusion that the parameters of Lockwood's obligation to inspect are not entirely clear, this would not preclude summary judgment as to the statutory claim. Since there is no evidence whatsoever indicating that Lockwood had any duty or authority either to direct that actions be taken in response to any inspection or to direct performance of the work or to control Kalisch-Jarcho, its duty to inspect would not be sufficient to create liability under the statute (see, Davis v Lenox School, 151 AD2d 230) and summary judgment dismissing that claim should have been granted.

Of course, as made clear by the language of the statute itself, it was not intended that the statute "diminish or extinguish any liability of professional engineers * * * arising under the common law or any other provision of law" (Labor Law § 241 [9]). A review of the record supports the finding of the IAS court that a question of fact as to whether the system was negligently designed was presented by the affidavit of plaintiff's engineer and that questions of fact exist as to the extent of Lockwood's duty to inspect and whether any such inspection was negligently performed. Thus, summary judgment was properly denied not only as to plaintiff's claims against Lockwood based on these common-law theories, but as to American's and Port Authority's claims against Lockwood for indemnification and contribution based on such claims and as to Kalisch-Jarcho's cross claim. However, inasmuch as we are dismissing the third-party complaint against Ideal, its cross claim against Lockwood also necessarily falls and must be dismissed.

We have examined the parties' remaining contentions and find that they are without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Rubin, JJ.