■ ARNOLD G. CHAPMAN et al., Respondents, v STATE OF NEW YORK, Appellant.—Mercure, J. Appeal from an order of the Court of Claims (Bell, J.), entered September 5, 1991, which denied the State's motion to, *inter alia,* preclude claimants from offering expert testimony at trial.

Claimants brought this action to recover for injuries claimant Arnold G. Chapman is alleged to have suffered at the hands of State Police personnel. The State made a discovery demand, *inter alia,* for a statement of each person whom claimants expected to call as an expert witness at trial, "along with the subject matter, in reasonable detail, on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion". In response, claimants identified Chapman's treating physician and stated that he was expected to testify as to Chapman's "current physical condition", "the effect of the injuries that were inflicted upon him at the time of the events [alleged in the claim]", and that it was "anticipated" that the physician would "describe the nature and extent of the injuries that were sustained". Alleging that claimants' responses did not comply with CPLR 3101 (d), the State moved for an order precluding claimants from offering any expert testimony at trial. The Court of Claims denied the motion upon the ground that claimants' responses were adequate. The State appeals.

In our view, claimants failed to comply with the requirement of CPLR 3101 (d) (1) (i) that a party disclose in reasonable detail an expert's qualifications, the facts and opinions on which the expert is expected to testify at trial and the grounds therefor *(see, Brossoit v O'Brien,* 169 AD2d 1019, 1020-1021; *see also, Jasopersaud v Tao Gyoun Rho,* 169 AD2d 184). To the contrary, the responses were wholly inadequate and, in fact, "so general and nonspecific that the [State] has not been enlightened to any appreciable degree about the content of this expert's anticipated testimony" *(Saar v Brown & Odabashian,* 139 Misc 2d 328, 334). Because the conclusion that claimants failed to comply with the State's discovery notice does not require the unconditional grant of the State's preclusion motion, we remit the matter to the Court of Claims for determination thereof *(see,* CPLR 3126).

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the State's motion regarding claimants' expert testimony; matter remitted to the Court of Claims for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.