■ WILLIAM CARTER et al., Appellants, v VOLLMER ASSOCIATES, Respondent and Third-Party Plaintiff-Respondent. HALLEN CONSTRUCTION COMPANY et al., Third-Party Defendants-Respondents. [602 NYS2d 48] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered June 23, 1992, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

We agree with the IAS Court that plaintiffs failed to come forward with any evidence to support their contention that defendant, a professional engineer, was under a duty to supervise or control the work site so as to be liable for plaintiff husband's injuries either under the Labor Law or in common law negligence as an agent of the State, the owner of the project.

As the IAS Court noted, a professional engineer can be held liable under Labor Law §§ 240 and 241 (6) only if there exists the authority to supervise and control the activity which brought about the injury (*Santoro v American Airlines*, 170 AD2d 206; *see also, Davis v Lenox School*, 151 AD2d 230, 231). Here, defendant's contract with the State with respect to the work site clearly limited its responsibilities to "construction inspection services", and did not delegate any authority to direct or control the work of the contractor. This duty to inspect was not sufficient by itself to result in liability under the Labor Law since the contract only obligated defendant to report any deviations from the project design or delays to the engineer in charge, an employee of the State, and there is no evidence otherwise to indicate that defendant had any duty or authority to direct that any action be taken by the State in response to its inspection (*Santoro v American Airlines, supra,* at 208; *Jewish Bd. of Guardians v Grumman Allied Indus.,* 96 AD2d 465, *affd* 62 NY2d 684).

The IAS Court also properly determined that defendant, as an inspecting engineer for the project, cannot be held liable under Labor Law § 200, a codification of the common-law duty to provide a safe workplace, or in common law negligence, in the absence of a contractual right to control the activity which is alleged to have brought about the injury, so as to have had the opportunity to avoid or correct the unsafe condition. In the absence of any evidence that Vollmer had failed to utilize due care in the exercise of its professional

services the complaint was properly dismissed *(Davis v Lenox School, supra; Hamby v High Steel Structures,* 134 AD2d 884). Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.