■ JOHN MAZUROWSKI, Respondent, v SVERDRUP CORP., Defendant, and PARSONS BRINCKERHOFF, P. C., Appellant. (And a Third-Party Action.) [622 NYS2d 713] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered April 26, 1994, which denied the motion of defendant Parsons Brinckerhoff Quade & Douglas, Inc. ("PBQD"), sued herein as Parsons Brinckerhoff, P. C., for summary judgment dismissing all claims and cross claims against it, with leave to renew upon completion of discovery, unanimously reversed, on the law, and the motion granted, without costs.

Plaintiff brought this action to recover damages for personal injuries allegedly sustained by him in January 1989, while working as an employee of third-party defendant Delma Construction Company at an underground demolition site. It is undisputed that prior to the commencement of any work, PBQD entered into a contract with Amtrak, the owner of the site, to provide engineering services, shop drawings review, and consultation services. The contract further provided that PBQD's "sole obligation with respect to safety during construction, shall be to provide a safe working environment for its own field staff." Visits to the site were only to be provided by PBQD on an "as needed" basis. As detailed in an affidavit of an officer and licensed engineer of PBQD in support of the motion, that company undertook no supervision, direction or control of any of the construction or demolition activities at the site.

Insofar as any of plaintiff's claims against PBQD purport to rest upon Labor Law § 241, they must be dismissed as a matter of law by reason of the express statutory exemption from liability for "professional engineers * * * who do not direct or control the work for activities other than planning

and design." (§ 241 [9]; *see also, Carter v Vollmer Assocs.,* 196 AD2d 754; *Santoro v American Airlines,* 170 AD2d 206, 207-208; *Davis v Lenox School,* 151 AD2d 230, 231.)

The opposition to PBQD's motion consists solely of an affidavit from plaintiff's attorney, which is insufficient as a matter of law to raise any triable issue *(Zuckerman v City of New York,* 49 NY2d 557). Given this state of the record, it was error for the IAS Court to deny the motion without prejudice on the mere hope of counsel that discovery might reveal an agency relationship between PBQD and some other contractor or subcontractor. In this connection, it should be noted that plaintiff failed to initiate any discovery during the almost five-year period from the date of the accident to the notice of the summary judgment motion in September 1993. Such extreme laches should not be rewarded. While the IAS Court referred in its decision to "serious personal problems" of plaintiff's counsel which would condone the delay, suffice it to say that the record contains no reference to such circumstances, even by counsel himself. Concur—Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.