■ JOHN R. GAUL et al., Appellants-Respondents, v MOTOROLA, INC., et al., Respondents-Appellants. CANNON DESIGN, INC., Third-Party Plaintiff-Appellant, v QUACKENBUSH COMPANY, INC., Third-Party Defendant-Respondent. [628 NYS2d 992] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: John R. Gaul (plaintiff) was employed by third-party defendant Quackenbush Company, Inc. (Quackenbush) as a journeyman steamfitter and was working on the installation and connection of process piping at a plant owned by defendant Motorola, Inc. (Motorola). A trailer on the site was used by Quackenbush employees for storage of tools and equipment. Plaintiff was leaving the trailer and was within "inches" of the

edge of the trailer when he tripped and fell out of the trailer. Although he did not know exactly what caused him to trip, plaintiff assumed that he tripped over tools and equipment that were on the floor of the trailer.

Supreme Court properly dismissed the Labor Law § 240 (1) cause of action. Plaintiff did not fall from an elevated work site and his contention that he would have caught himself if there had been a railing on the stairs leading out of the trailer is speculative. In any event, the lack of a railing on the stairs does not bring plaintiff's accident within the purview of Labor Law § 240 (1).

The court properly denied that part of the motions of Motorola and defendant Cannon Design, Inc. (Cannon), the construction manager, for summary judgment dismissing the Labor Law § 241 (6) cause of action. Plaintiffs' allegation that defendants violated 12 NYCRR 23-1.7 (e) was "specific enough to support a Labor Law § 241 (6) cause of action" (Adams v Glass Fab, 212 AD2d 972, 973; see also, Durfee v Eastman Kodak Co., 212 AD2d 911; Baird v Lydall, Inc., 20 AD2d 577). Plaintiff testified that, although he did not know how he fell, "it was difficult to get in and out of that trailer. It wasn't a clean floor. Whether I was standing on a piece of wire choker or a piece of wire, I can't say." Additionally, plaintiff's co-worker testified that he had complained about the tools and equipment on the floor of the trailer and assumed that plaintiff "tripped over the stuff." The testimony of plaintiff and his co-worker is sufficient to raise a question of fact whether there was a violation of the regulation and, if so, whether that violation was a proximate cause of the accident (see, Higgins v du Pont de Nemours Co., 186 AD2d 1011; Sergio v Benjolo, N.V., 168 AD2d 235).

The court erred, however, in denying that part of the motions of Motorola and Cannon for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action. Plaintiffs failed to establish that either Cannon or Motorola supervised, controlled, or directed the work (see, Comes v New York State Elec. & Gas Corp., 82 NY2d 876; Lombardi v Stout, 80 NY2d 290). The court also erred in denying that part of Cannon's motion for summary judgment on Cannon's cause of action for common-law indemnification against Quackenbush. There is no proof that Cannon's liability is other than vicarious and thus Cannon's motion for a conditional judgment against the actual wrongdoer should have been granted (see, Loper v City of Rochester, 209 AD2d 1052). (Appeals from Order of Supreme Court, Erie County, Doyle, J.—Labor Law.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.