WAYNE D. BECKER, Appellant, v TALLAMY, VAN KUREN, GERTIS & ASSOCIATES, Respondent and Third-Party Plaintiff. MAR-WAL CONSTRUCTION COMPANY, INC., Third-Party Defendant. [634 NYS2d 282] —Order unanimously affirmed without costs. Memorandum: Plaintiff was injured when the wall of a trench caved in upon him while he was working on the installation of a water line on Kenmore Avenue in the Village of Kenmore. Plaintiff was employed by the contractor engaged by the Village to install the water line. He commenced this action against the engineering firm employed by the Village to design the project and to provide on-site inspection of the progress of the work. The complaint seeks to impose liability for common-law negligence and violations of Labor Law §§ 200, 240 and 241 (6).

Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Labor Law § 240 has no application to the cave-in of a trench *(see, Staples v Town of Amherst,* 146 AD2d 292). With respect to the alleged violation of Labor Law § 241 (6), a professional engineer can be held liable under that subdivision only if it is established that he had the authority to supervise and control the activity that brought about the injury *(see, Carter v Vollmer Assocs.,* 196 AD2d 754; *Hamby v High Steel Structures,* 134 AD2d 884, 885). The contract documents unambiguously provide that defendant is not responsible for supervision or control of the method or manner in which the work is performed, and plaintiff submitted no proof that defendant's employees exercised any such supervision or control *(see, Hamby v High Steel Structures, supra).* Further, because defendant did not supervise or control the work, it cannot be held liable under Labor Law § 200 or for

common-law negligence for the failure to provide a safe place to work *(see, Gaul v Motorola, Inc.,* 216 AD2d 879; *Wright v Nichter Constr. Co.,* 213 AD2d 995; *Hamby v High Steel Structures, supra).* (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Labor Law.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.