■ Jessie D. Rosen et al., Appellants, v General Electric Corporation et al., Respondents. [647 NYS2d 630] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: In 1987 defendant General Electric Corporation (GE) closed its steel plant in Schenectady and entered into a sales agreement with defendant National Content Liquidators, Inc. (NCL), whereby NCL would sell the equipment in the plant on a commission basis. After the equipment was sold, GE intended to demolish a number of buildings at its plant, including one that contained a 100-ton electrical arc furnace. Plaintiffs' decedent, Donald L. Rosen, the President of third-party defendant, G & R Machinery & Equipment Co., Inc. (G & R), agreed to purchase some of the equipment, including electric leads, electrode holders, buss tubes, and a 250-pound motor/generator and power cable that were part of the arc furnace. One day after G & R employees began disassembling parts from the furnace, Rosen visited the work site and stepped on the base of an L-shaped steel plate that was attached to the vertical mass of the furnace with six one-half-inch diameter bolts. The steel plate was elevated a few inches above the surrounding one-inch thick steel floor and it rotated within a curb in order to cover a hole that became exposed as the furnace rotated. The plate gave way, causing Rosen to fall 24 feet below the floor to the bottom of a pit. Rosen died as a result of his injuries. This action was brought to recover for Rosen's conscious pain and suffering and wrongful death, and includes causes of action for violations of Labor Law §§ 241-a and 241 (6) and for common-law negligence. We previously affirmed the dismissal of the Labor Law § 240 (1) cause of action on the ground that Rosen "was not engaged in an activity protected under section 240 (1) at the time of his accident" (Rosen v General Elec. Co., 204 AD2d 978). Thereafter, defendants moved for summary judgment dismissing the remaining causes of action in the complaint. Supreme Court granted the motion for summary judgment and dismissed the complaint in its entirety.

The court properly granted that part of defendants' motion for summary judgment dismissing the Labor Law §§ 241 and 241-a causes of action. At the time of the accident, Rosen was not engaged in a protected activity under either of those sections of the Labor Law (see, Meehan v Mobil Oil Corp., 184

AD2d 1021, 1022, *lv dismissed* 80 NY2d 925, *lv denied* 85 NY2d 804). Additionally, plaintiffs may not recover under the Labor Law § 241 (6) cause of action because they failed to allege the violation of a specific rule or regulation of the Commissioner of Labor (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 502-503). Nor may they recover under the Labor Law § 241-a cause of action; decedent was not working in or at an elevator shaftway, hatchway or stairwell of a building (*see, Silvers v E. W. Howell, Inc.,* 129 AD2d 694).

The court erred, however, in granting that part of defendants' motion for summary judgment dismissing the common-law negligence cause of action. A precondition of the duty of an owner or its agent to provide a safe place to work "is that the party charged with that responsibility have the authority to control the activity bringing about the injury" (*Russin v Picciano & Son,* 54 NY2d 311, 317; *see, Lombardi v Stout,* 80 NY2d 290, 295; *Gaul v Motorola, Inc.,* 216 AD2d 879). Here, defendants established that they did not exercise supervision or control over Rosen and plaintiffs failed to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Plaintiffs, however, have raised an issue of fact whether defendants breached a duty to Rosen by "creating, and failing to guard or warn against," the dangerous condition that caused his death (*Magrath v Migliore Constr. Co.,* 139 AD2d 893; *see, Mazzu v Benderson Dev. Co.,* 224 AD2d 1009; *see generally, Basso v Miller,* 40 NY2d 233).

We therefore modify the order by denying that part of defendants' motion for summary judgment dismissing the common-law negligence cause of action and reinstating that cause of action. (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Summary Judgment.) Present—Green, J. P., Pine, Wesley, Davis and Boehm, JJ.