■ CHAUDHARY HUSSAIN et al., Respondents, v TRY 3 BUILDING SERVICES, INC., et al., Defendants, and MARTIN FINE et al., Respondents, and GOLDHAMMER, WITTENSTEIN & GOOD, Appellant. (And a Third-Party Action.) GURMIT SINGH, Plaintiff, v 402 WEST 38TH STREET CORP. et al., Respondents, and GOLDHAMMER, WITTENSTEIN & GOOD, Appellant, et al., Defendants. (And a Third-Party Action.) [764 NYS2d 266] —Order, Supreme Court, New York County (Faviola Soto, J.), entered August 1, 2002, which, to the extent appealed from, denied defendant and third-party defendant Goldhammer, Wittenstein & Good's motion for summary judgment dismissing plaintiffs' common-law negligence claims and the related cross claims for contribution and indemnification asserted against it by defendants Martin Fine and 402 West 38th Street Corp., unanimously affirmed, without costs.

These consolidated actions arise out of personal injuries allegedly sustained by plaintiffs Chaudhary Hussain and Irfan Mohammad[1] and the wrongful death of Narinder Singh when a building owned by defendant 402 West 38th Street Corp. (the owner), of which defendant Martin Fine is president, collapsed in the process of being demolished. Plaintiffs were all employed by third-party defendant Professional Contracting Company, a demolition subcontractor. The owner hired defendant architect Goldhammer, Wittenstein & Good (hereinafter the architect) to perform certain services in connection with the demolition of the building, the exact scope and nature of which are at issue on appeal.

The Supreme Court granted the architect's motion to dismiss the Labor Law causes of action, but denied the motion to the extent it sought dismissal of plaintiffs' common-law negligence claims and the related cross claims for contribution and indemnification asserted by the owner and Fine.

The architect failed to meet its burden of setting forth evidentiary facts sufficient to entitle it to summary judgment as a matter of law on the issue of common-law negligence. The architect claims that its agreement with the owner limits its

---

1. Shamah Riaz asserts a derivative claim.

contractual obligation to preparing and filing paperwork with the Department of Buildings in order to obtain a demolition permit. In support, the architect annexes a letter agreement which refers to a "Standard Form Agreement Between Owner and Architect" and more particularly to article 2, entitled "Scope of Architect's Basic Services." However, the architect failed to submit that agreement in support of its motion.[2] Instead, the architect submitted the contracts between the owner and the general contractor. Thus, no record exists for a summary determination of the scope and nature of the architect's responsibilities. Where the moving papers are insufficient, an opposing party need not respond with evidentiary proof (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

In any event, the owner and Fine have raised material issues of fact which preclude summary judgment on their contribution and indemnification claims. Wholly separate from the scope and nature of the architect's services, we find that there are issues of fact as to whether the architect was negligent (cf. Davis v Lenox School, 151 AD2d 230, 231 [1989]) or "failed to utilize due care in the exercise of its professional services" (see Carter v Vollmer Assoc., 196 AD2d 754, 754-755 [1993]). In reaching this conclusion, we note and rely on, inter alia, the words from the deposition testimony of the architect's principal in which he stated that "for some foolish reason I never responded in writing [to the determination that the building should be demolished without the use of heavy machinery]. I was so upset and so angry by their decision out of frustration, I just let it happen." Concur—Andrias, J.P., Ellerin, Lerner, Friedman and Marlow, JJ.

---

2. In fact, in opposition, plaintiffs claim that agreement was never provided during discovery.