■ JOHN DICKSON et al., Appellants, v CITY OF NEW YORK et al., Defendants, and DOLLAR RENTAL CAR SYSTEMS, INC., et al., Respondents. [842 NYS2d 27]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered November 9, 2006, which granted the motions of defendants Dollar Rental Car Systems and Rental Car Finance Corp. to amend their answer and for summary judgment dismissing the complaint as against them, unanimously modified, on the law, defendants' motion for summary judgment denied and the matter remanded for a hearing on the framed issue of the validity of the release signed by plaintiff John Dickson, and otherwise affirmed, without costs.

It was not an improvident exercise of the motion court's discretion to permit defendants to amend their answer (see generally Peach Parking Corp. v 346 W. 40th St., LLC, 42 AD3d 82, 86 [2007]) by adding the defense of accord and satisfaction.

Although defendants made a prima facie case, plaintiffs raised a triable issue of fact in their opposition to defendants' summary judgment motion; hence, the motion should have been denied (see CPLR 3212 [b]). A release may be set aside for fraud or mutual mistake, inter alia (see e.g. Mangini v McClurg, 24 NY2d 556, 563 [1969]). The affirmation of one of plaintiffs' attorneys strongly implies that an adjuster at York Claims Service (the administrator for defendants' insurer) represented that only $25,000 of insurance was available. In reply, York denied that a subsequent conversation about rescinding the release occurred, but it did not deny that one of its representatives spoke to plaintiffs' attorney about the amount of insurance that was available. Furthermore, defendants did not show that only $25,000 of insurance was actually available.

The portion of one of defendants' reply affidavits indicating that a search of business records had demonstrated a negative is admissible (see e.g. Piccinich v New York Stock Exch., 257 AD2d 438, 439 [1999]). Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Williams, JJ.