■ Joseph L. Powell et al., Appellants, v His Contractors, Inc., et al., Defendants, and GTL Construction, LLC, Respondent. [905 NYS2d 161]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered April 27, 2009, which, in an action for personal injuries sustained in a fall on an unpaved section of sidewalk, to the extent appealed from as limited by the briefs, granted defendant-respondent GTL Construction, LLC's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the complaint reinstated as against GTL.

Plaintiff Joseph L. Powell was injured when he fell into an unfinished open area of a sidewalk that was missing a concrete slab. The sidewalk abutted property owned by defendant 551 South Columbus, LLC and was the site of a recent construction project. Plaintiffs maintain that GTL was the contractor in

charge of the sidewalk installation and was responsible for the missing concrete slab where Powell fell. GTL argues that it had no involvement with the sidewalk project and thus owed no duty of care to Powell.

A contractor's duty of care to noncontracting third parties may arise out of a contractual obligation or the performance thereof in three circumstances (*Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139-141 [2002]; *Timmins v Tishman Constr. Corp.*, 9 AD3d 62, 66 [2004], *lv dismissed* 4 NY3d 739 [2004]). Those circumstances are: first, "where the [contractor], while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to others, or increases that risk" (*Church*, 99 NY2d at 111), second, "where the plaintiff has suffered injury as a result of reasonable reliance upon the [contractor's] continuing performance of a contractual obligation" (*id.*), and third, " 'where the contracting party has entirely displaced the other party's duty to maintain the premises safely' " (*id.* at 112, quoting *Espinal*, 98 NY2d at 140).

Viewing the evidence in a light most favorable to plaintiffs, there is a triable issue of fact as to whether GTL created an unreasonable risk of harm to Powell or increased that risk. Jacqueline Monaco, comptroller of 551 South Columbus, the property owner, and John Bunton, a supervisor at GTL, testified that GTL was hired solely to perform interior work in the building and that it did not supervise or coordinate the installation of the sidewalk. Plaintiffs rebutted this evidence through the testimony of John Occhipinti, vice president of defendant HIS Concrete Contractors, Inc., the entity that poured the concrete for the sidewalk. Occhipinti testified that he was hired by GTL to install the sidewalk, and the written proposal Occhipinti submitted for the project, a copy of which is in the record, was addressed to GTL.

Occhipinti stated that when he met with Bunton prior to commencing the work, Bunton told him that the existing sidewalk had been or would be removed by GTL. According to Occhipinti, Bunton then gave him directions as to precisely where the new sidewalk should be installed. Occhipinti further testified that when the installation was finished, he met with Bunton and they walked through the area to make sure the job was completed. The new sidewalk ended at a point just before the area where Powell fell, leaving an unfinished part with a missing slab. This evidence raises an issue of fact as to whether GTL in fact removed the existing sidewalk. It also raises a question as to whether GTL failed to direct that the new sidewalk

completely replace the excavated area, which then created an unreasonable risk of harm to Powell or increased that risk.

GTL asserts that Occhipinti testified incorrectly and was mistaken about GTL's role in the sidewalk project. That assertion, of course, underscores the existence of an issue of fact, and credibility issues should not be resolved on a summary judgment motion (*see Medina v 203 W. 109th St. Realty Corp.*, 16 AD3d 220 [2005]). GTL fares no better in relying on its copy of Occhipinti's proposal with "GTL Construction, LLC" crossed out and "551 So. Columbus LLC" handwritten in its place. At most, GTL's assertion that someone corrected this alleged error by HIS Concrete raises an issue of fact to be resolved at trial. Apart from arguing that Occhipinti testified incorrectly, GTL offers no evidence rebutting his testimony that GTL hired him and gave him specific instructions regarding where the sidewalk should be installed.

There is a question as to whether the statements which Occhipinti attributed to Bunton about the removal of the sidewalk are hearsay. Some evidence suggests that Bunton was an independent contractor for GTL and thus had no authority to speak for the company. Other evidence, however, raises an issue of fact as to whether the "speaking agent" exception to the hearsay rule would apply. In any event, there is nonhearsay evidence about GTL's role in the sidewalk project. Because the court's function here is issue finding, not issue determination, summary judgment was not warranted (*see Martin v Citibank, N.A.*, 64 AD3d 477 [2009]). Concur—Mazzarelli, J.P., McGuire, DeGrasse, Freedman and Richter, JJ.