■ 905 5TH ASSOCIATES, INC., et al., Appellants, v RICHARD WEINTRAUB et al., Respondents, and MY HOME REMODELING, INC., et al., Appellants. [927 NYS2d 29]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered April 2, 2010, which, insofar as appealed from, granted defendants Richard Weintraub's and Liane Weintraub's motion for summary judgment to the extent of dismissing the action against Liane and dismissing the second through fifth causes of action against Richard, denied plaintiffs' motion for partial summary judgment against Richard on the seventh cause of action and ordered that any damages against Richard thereunder would be limited to property damage, and granted defendant Rick Kramer's motion for summary judgment dismissing the amended complaint as against him, unanimously modified, on the law and the facts, to the extent of reinstating the second, third and fourth causes of action as against the Weintraubs, and the eighth cause of action and the cross claims asserted against Kramer, and otherwise affirmed, without costs.

Plaintiff Pamela Lipkin, M.D. seeks to recovery for property damage and economic loss sustained as a result of the Weintraubs' renovation of their apartment, which is located directly above plaintiffs' medical office. In connection with this renovation, the Weintraubs retained Rick Kramer as their architect and My Home Remodeling, Inc. and/or My Home LLC, as the contractor. My Home, in turn, subcontracted the demolition work to RDM Renovation Corp.

While a party who employs an independent contractor is generally not liable for the negligent acts of that contractor (see Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668 [1992]), plaintiffs have established the existence of triable issues of fact as to the applicability of an exception to this general rule, where the employer's duty is nondelegable (id.).

As property owners, the Weintraubs had a duty of care which extended to those who suffered property damage as a result of construction on their property and included a duty to take reasonable precautions to avoid injuring persons on adjoining

premises (*see 532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 290 [2001]; *Dunlop Tire & Rubber Corp. v FMC Corp.*, 53 AD2d 150 [1976]). This duty was reinforced by the proprietary lease and alteration agreement, both of which recognized the need to protect other shareholders from damages caused by the Weintraubs' use of their unit. Accordingly, plaintiffs' negligence claims against the Weintraubs, the second through fourth causes of action, should not have been dismissed.

In the absence of a relationship approaching privity, plaintiffs' claim against Kramer for architectural malpractice was properly dismissed (*see Board of Mgrs. of Yardarm Beach Condominium v Vector Yardarm Corp.*, 109 AD2d 684 [1985], *appeal dismissed* 65 NY2d 998 [1985]). However, the lack of privity does not affect plaintiffs' ability to bring a general negligence claim against the architect for property damage sustained by them (*see generally id.*). As the parties' testimony created triable issues of fact as to the whether Kramer directed or controlled the work which is alleged to have created the injury, plaintiffs' eighth cause of action, for general negligence against the architect, should not have been dismissed (*see Hussain v Try 3 Bldg. Servs.*, 308 AD2d 371 [2003]; *Deyo v County of Broome*, 225 AD2d 865 [1996]; *cf. Davis v Lenox School*, 151 AD2d 230 [1989]).

Finally, we find that summary judgment on Dr. Lipkin's claim for contractual indemnification against Richard was properly denied based on the existence of triable issues of fact as to whether a condition precedent to liability was established. In addition, the court properly limited damages under this claim to property damage as indemnity provisions must be strictly construed so as to avoid reading unintended duties into them (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]). Concur—Mazzarelli, J.P., Sweeny, Freedman, Manzanet-Daniels and Román, JJ. **[Prior Case History: 2010 NY Slip Op 30721(U).]**