■ Angelo G. Arias, Respondent, v Skyline Windows, Inc., Appellant. (And a Third-Party Action.) [931 NYS2d 870]—

Defendant failed to establish its prima facie entitlement to judgment as a matter of law in this action where plaintiff maintenance worker alleges that he was injured when, while pulling a trash container, he slipped on broken glass and fell, resulting in the trash container rolling over his foot. Defendant was the company that had been hired to replace and install new windows at the building where plaintiff worked. Defendant failed to demonstrate that its employees did not perform work at the location until after the day of the subject accident. Although an "affidavit[ ] indicating that a search of business records had demonstrated a negative is admissible" and can substantiate a summary judgment movant's initial burden (*Dickson v City of New York*, 43 AD3d 809 [2007]; *see Piccinich v New York Stock Exch.*, 257 AD2d 438 [1999]), here, the affidavit of defendant's director of field operations for volume was inconsistent with his own deposition testimony and indicated a lack of "familiarity with the . . . project at issue" (*Barraillier v City of New York*, 12 AD3d 168, 169 [2004]).

Even were we to determine that defendant met its initial burden, plaintiff's opposition raised triable issues as to whether defendant's employees were responsible for creating the condition that caused his injuries. Plaintiff testified that he observed defendant's employees at the building in the days prior to the accident and the affidavit of plaintiff's coworker is consistent with plaintiff's testimony. Although defendant disputes the veracity of the coworker's affidavit, its truth is presumed at this procedural posture where the court's duty is to find issues rather than determine them (*see Powell v HIS Contrs., Inc.*, 75 AD3d 463, 465 [2010]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ. **[Prior Case History: 2011 NY Slip Op 30064(U).]**