Plaintiff alleges that she slipped and fell while descending a stairway in her building and trying to avoid a puddle of urine covering some of the steps. Defendant established prima facie that, although it was aware of an ongoing problem of loiterers in the building’s stairwell leaving debris, urine and feces, it lacked actual notice of the specific condition, and that it had in place an adequate janitorial schedule for the cleaning of the stairwells. However, since defendant failed to present competent evidence that the janitorial schedule was followed on the day of the accident, it did not show that it lacked constructive notice of the complained-of condition (see Rodriguez v 705-7 E. 179th St. Hous. Dev. Fund Corp., 79 AD3d 518, 519 [1st Dept 2010]; Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]; Aviles v 2333 1st Corp., 66 AD3d 432 [1st Dept 2009]; compare Pfeuffer v New York City Hous. Auth., 93 AD3d 470 [1st Dept 2012]). The affidavit by the supervisor of caretakers concerning cleaning in the building on the day of the accident was insufficient because it was inconsistent with the supervisor’s own testimony that he did not recall whether or not he was responsible for the subject building at the time of the accident (see Arias v Skyline Windows, Inc., 89 AD3d 460 [1st Dept 2011]). In view of defendant’s failure to tender sufficient evidence to eliminate any material issues of fact from the case, we need not address the sufficiency of plaintiffs papers in opposition to the motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
We reject defendant’s argument that plaintiff was the sole proximate cause of her injuries. Concur — Gonzalez, P.J., Moskowitz, Acosta, Freedman and Abdus-Salaam, JJ.