■ BOARD OF MANAGERS OF THE A BUILDING CONDOMINIUM et al., Respondents, v 13TH & 14TH STREET REALTY, LLC, et al., Defendants, CRYSTAL CURTAIN WALL SYSTEM CORP. et al., Respondents, and TINGWALL, INC., et al., Appellants. (And a Third-Party Action.) [994 NYS2d 81]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered June 12, 2013, which denied the motion of defendants TingWall, Inc. and Advanced Building Systems, Inc. (ABS)

(together, appellants) for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, and the motion granted.

Plaintiffs are the Board of Managers of a condominium and its residents. They have sued, inter alia, those allegedly responsible for the design, manufacture, and installation of the condominium's curtain wall and windows (appellants, Crystal Window & Door Systems Ltd., and Crystal Curtain Wall System Corp.), claiming that defects have led to water leaking into their units.

Plaintiffs' contract claim against appellants should have been dismissed because plaintiffs are not intended third-party beneficiaries of the license agreements between ABS and Crystal Window & Door (see *Residential Bd. of Mgrs. of Zeckendorf Towers v Union Sq.-14th St. Assoc.*, 190 AD2d 636, 637 [1st Dept 1993]; see also *Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]; *Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 45 [1985]).

The fact that nonparty Dr. Raymond Ting (the principal of TingWall) attested a warranty given by Crystal Curtain does not mean that TingWall became a co-warrantor with Crystal Curtain; to attest means "to authenticate by signing as a witness" (Black's Law Dictionary 153 [10th ed 2014]).

Plaintiffs' malpractice claim against appellants should have been dismissed because the relationship between the parties was not the functional equivalent of privity (see e.g. *905 5th Assoc., Inc. v Weintraub*, 85 AD3d 667, 668 [1st Dept 2011]; *Bullmore v Ernst & Young Cayman Is.*, 45 AD3d 461, 464 [1st Dept 2007]). Plaintiffs were not known parties to appellants (see e.g. *Sykes v RFD Third Ave. 1 Assoc., LLC*, 15 NY3d 370, 373 [2010]).

Finally, plaintiffs' negligence claim against appellants should have been dismissed because appellants owed no duty to plaintiffs. As a "general rule," "a contractor does not owe a duty of care to a noncontracting third party" (*Timmins v Tishman Constr. Corp.*, 9 AD3d 62, 66 [1st Dept 2004], *lv dismissed* 4 NY3d 739 [2004]). There are three exceptions (see *Powell v HIS Contrs., Inc.*, 75 AD3d 463, 464 [1st Dept 2010]), but none is applicable here.

We note that appellants did not move to dismiss Crystal's cross claim against them. Concur—Friedman, J.P., Acosta, DeGrasse and Gische, JJ.