The People of the State of New York, Appellant, 
against
Manuel Figueroa, Defendant-Respondent.



The People appeal from an order of the Criminal Court of the City of New York, Bronx County (Laurence E. Busching, J.), dated May 23, 2016, which granted defendant's motion to dismiss the information.




Per Curiam.
Order (Laurence E. Busching, J.), dated May 23, 2016, affirmed.
The information charging defendant with possessing a "black pump shotgun" without the requisite permit/certificate of registration (see Administrative Code of City of NY §§ 10-303, 10-304) was jurisdictionally defective, since it lacked the necessary nonhearsay allegations which would establish, "if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40[1][c]; 100.15[3]; see People v Alejandro, 70 NY2d 133 [1987]). In particular, the deponent police officer's sworn statement that his "search" of the "New York City database (Automated License and Permit System [ALPS]) maintained by the NYPD . . . revealed that [defendant] is not a holder of a New York City permit/certificate" for the firearm at issue, did not constitute a nonhearsay allegation or an allegation that "would be admissible under some hearsay rule exception" (People v Casey, 95 NY2d 354, 361 [2000]). Inasmuch as the deponent did not describe himself as a person having "legal custody" of the aforementioned police department records, his statement regarding the lack of any record or entry in a record that defendant possessed the requisite permit or certificate was inadmissible (see CPLR 4521; CPL § 60.10).
Nor were any facts alleged in the information to support the conclusion that the ALPS database was a business record of the NYPD (see CPLR 4518; CPL § 60.10; see People v Cratsley, 86 NY2d 81 [1995]) so as to render admissible deponent's statement that his search of the database revealed a lack of any record that defendant possessed the required permit or registration (see generally Arias v Skyline Windows, Inc., 89 AD3d 460 [2011]; Dickson v City of New York, 43 AD3d 809 [2007]). We note in this regard that we have never heard of the ALPS database and have found no reported case referencing it. Nor, despite an inquiry at oral argument, did either counsel demonstrate any specific knowledge about the database.
Accordingly, Criminal Court properly dismissed the information as jurisdictionally defective (see People v Jones, 9 NY3d 259 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 24, 2017