Rivera v 11 W. 42 Realty Invs., L.L.C. (2019 NY Slip Op 02785)





Rivera v 11 W. 42 Realty Invs., L.L.C.


2019 NY Slip Op 02785


Decided on April 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2019

Acosta, P.J., Manzanet-Daniels, Tom, Oing, JJ.


8970 300823/12

[*1]Humberto Rivera, Plaintiff-Respondent,
v
11 West 42 Realty Investors, L.L.C., et al., Defendants-Respondents, NTT Services LLC, et al., Defendants, Americon Construction, Inc., Defendant-Appellant.
11 West 42 Realty Investors, L.L.C., Third-Party Plaintiff-Respondent,
v
Americon Construction, Inc., Third-Party Defendant-Appellant. 
[And Another Third-Party Action]


Kennedys CMK LLP, New York (Sean T. Burns of counsel), for appellant.
Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for Humberto Rivera, respondent.
Law Office of Lori D. Fishman, Tarrytown (Louis H. Liotti of counsel), for 11 West 42 Realty Investors, L.L.C. and Tishman Speyer Properties, L.P., respondents.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered on or about January 19, 2018, which denied the motion of defendant Americon Construction, Inc. (Americon) for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.
Plaintiff was injured when wooden materials stacked in a freight elevator fell over and struck him. At the time, Americon had been retained by the building owner to perform renovation work in corridors and restrooms on two floors. Contrary to Americon's contention that it owed no duty of care to plaintiff, it can be held liable to plaintiff and others using the freight elevator if its performance of its contractual obligations "create[d] an unreasonable risk of harm to others, or increase[d] that risk" (Church v Callanan Indus., 99 NY2d 104, 111 [2002]; see Powell v HIS Contrs., Inc., 75 AD3d 463, 465 [1st Dept 2010]). Furthermore, issues of fact exist as to whether Americon was responsible for the materials that were in the elevator and
injured plaintiff (see Arias v Skyline Windows, Inc., 89 AD3d 460 [1st Dept 2011]; Prenderville v International Serv. Sys., Inc., 10 AD3d 334, 337-338 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 11, 2019
CLERK