350 E. Houston St., LLC v Travelers Indem. Co. of Am.

2026 NY Slip Op 02032

April 2, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

350 East Houston Street, LLC, et al., Plaintiffs-Respondents-Appellants,

v

Travelers Indemnity Company of America et al., Defendants-Respondents, Copps Foundations, Inc., Defendant-Appellant-Respondent.

Copps Foundations, Inc., Third-Party Plaintiff-Appellant-Respondent,

Noble Construction Group, LLC, Third-Party Defendant-Respondent.

Decided and Entered: April 02, 2026

Index No. 650450/18|Appeal No. 6259-6260-6261-6262-6263|Case No. 2024-07206, 2024-07207, 2024-07208, 2024-07209, 2024-07210|

Before: Manzanet-Daniels, J.P., Mendez, Pitt-Burke, Higgitt, Hagler, JJ.

Law Office of Eric D. Feldman, New York (Evy L. Kazansky of counsel), for appellant-respondent.

Weber Gallagher Simpson Stapleton Fires & Newby LLP, Garden City (George L. Maniatis of counsel), for respondents-appellants.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Edward S. Benson of counsel), for Temple Insurance Company, respondent.

Katz & Rychik, P.C., New York (Abe M. Rychik of counsel), for Peterson Geotechnical Construction LLC, respondent.

Golden, Rothchild, Spagnola, Lundell, Boylan, Garubo & Bell, P.C., New York (Russ M. Patane of counsel), for Noble Construction Group LLC, respondent.

[*1]

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about October 18, 2024, which, to the extent appealed from as limited by the briefs, conditionally granted plaintiffs' motion for summary judgment on their claim for contractual indemnification as against defendant/third-party plaintiff Copps Foundations, Inc. and, in effect, denied plaintiffs' motion for an order declaring that they are entitled to unconditional contractual indemnification from Copps; and denied, as moot, so much of plaintiffs' motion as sought summary judgment in its favor against defendant Temple Insurance Company (mot seq No. 007), unanimously affirmed, without costs. Order, same court and Justice, entered on or about October 18, 2024, which denied Copps's motion for summary judgment dismissing plaintiffs' cause of action as against it for negligence and all cross-claims as against it for purported negligence (mot seq No. 8), unanimously affirmed, without costs. Order, same court and Justice, entered on or about October 18, 2024, which granted Temple's motion for summary judgment dismissing the complaint as against it (mot seq No. 9), unanimously affirmed, without costs. Order, same court and Justice, entered on or about October 18, 2024, which granted the motion of third-party defendant Noble Construction Group, LLC to file a late motion, and, upon consideration of the motion (mot seq No. 10), granted Noble's motion for summary judgment dismissing the third-party complaint and for judgment in its favor on its counterclaim against Copps for contractual indemnification, unanimously modified, without costs, on the law, to deny Noble's motion insofar as it sought dismissal of the third-party complaint, reinstate the third-party complaint, and conditionally grant Noble summary judgment on its counterclaim against Copps for contractual indemnification, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about October 18, 2024, which denied plaintiffs' motion to preclude defendant Peterson Geotechnical Construction LLC from submitting an expert affidavit in opposition to plaintiffs' motion for summary judgment (mot seq No. 11), unanimously affirmed, without costs.

[*2]

Plaintiff 350 East Houston Street, LLC, the owner of premises located at 11 Avenue C in Manhattan, contracted with Noble to provide construction management services for a project to construct a building on the premises. Noble entered into a trade contract with Copps to perform support of excavation and foundation piles work on the project; Copps, in turn, subcontracted with Peterson to install micropiles and a dewatering system. Temple issued Copps an excess liability policy containing the usual exclusions for late notice of occurrences and claims, and a prohibition against voluntary payments or assumption of obligations without the insurer's consent. In March 2017, the owner of a building adjacent to the project gave notice that the excavation work had damaged the foundation of that adjacent building, causing the building to shift.

Supreme Court properly found that plaintiffs were entitled to contractual indemnification from Copps on the condition that 350 East Houston, the owner of the premises, was found to be free from negligence. The intent to provide contractual indemnification under section 12.2(b) of the trade contract between Noble and Copps is clear and unambiguous, requiring indemnification for "all claims, losses, damages . . . demands, costs and expenses" related to damage to real property "in any way or measure . . . caused by, arise out of or in connection with the Work" (see Bradley v Earl B. Feiden, Inc., 8 NY3d 265, 274 [2008]; Drzewinski v Atlantic Scaffold & Ladder Co., 70 NY2d 774, 777 [1987]). Under this language, the contractual indemnification provision was triggered because the damage to the neighboring building arose out of the work under the trade contract — specifically, the micropiling provided for in the contract (see Mancusi v Avalonbay Communities, Inc., 199 AD3d 463, 464 [1st Dept 2021]). The indemnification clause also does not condition 350 Houston Street's right to indemnification on a finding of fault by Copps (see Rivera v Columbia Hicks Assoc. LLC, 203 AD3d 524, 525 [1st Dept 2022]).

Speculation by Copps's expert that demolition of the gas station near the property might have contributed to the shifting of the neighboring building did not raise an issue of fact. On the contrary, 350 East Houston hired an engineer to conduct a prework inspection of the neighboring building in August 2016; the inspector's report, along with the fact that the building did not begin to shift until March 2017, well after the inspection, contradict the conjecture by Copps' expert that removal of the gas station sometime before inspection could have been a contributing cause, or even the only cause, of the damage.

[*3]

Nevertheless, contrary to plaintiffs' arguments, Supreme Court correctly declined to declare that plaintiffs were entitled to unconditional indemnification. The record presents triable issues of fact as to whether 350 East Houston took part in a decision to reject Copps and Peterson's recommended change in the means and methods to be used for the micropiling work after Copps and Peterson found unexpected subsurface conditions. Thus, a factfinder could rationally determine that 350 East Houston's negligence was a proximate cause of the damages (see e.g. Mancusi, 199 AD3d at 464).

Supreme Court correctly denied Copps's motion for summary judgment as to the negligence claim and contribution cross-claims against it, as the record presents triable issues of fact as to whether Copps directed or controlled the work at issue (see 905 5th Assoc., Inc. v Weintraub, 85 AD3d 667, 668 [1st Dept 2011]; see also Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 258 [2008]).

Supreme Court also properly granted Temple's motion for summary judgment dismissing 350 East Houston's insurance coverage claim against it on the ground that it was untimely notified of the claim. Temple demonstrated that it did not receive notice of the neighboring property's claim against 350 East Houston as soon as practicable, as required by the policy, but instead received notice when served with process in this action almost 11 months later and well after plaintiffs resolved the neighbor's claim and performed repairs. The record does not contain any documentary proof of a mailing (see Matter of Allstate Ins. Co. [Patrylo], 144 AD2d 243, 246 [1st Dept 1988]). Indeed, plaintiffs proffer no mailing receipt or tracking information for the shipping label, and they fail to contest the averment of Temple's attorney that he searched for the tracking number shown on the label but was unable to find any shipment on the FedEx website. Moreover, plaintiffs' settlement of the claim with the neighbor before serving notice gave rise to "an irrebuttable presumption of prejudice" (Insurance Law § 3420[c][2][B]). In addition, the settlement deprived Temple of the opportunity to investigate the incident or defend against the neighbor on 350 East Houston's behalf (see id. § 3420[c][2][C]; Hartford Fire Ins. Co. v Hudson Excess Ins. Co., 238 AD3d 667, 668 [1st Dept 2025]).

[*4]

As to the third-party action, Supreme Court providently exercised its discretion to consider Noble's late summary judgment motion "on good cause shown" for the delay (CPLR 3212[a]; see Brill v City of New York, 2 NY3d 648, 652 [2004]). Noble's counsel explained that the deadline was miscalendared and that he did not notice the error because of his own health and family circumstances. The record also shows that counsel contacted all other parties two weeks after the deadline when he realized, upon signing the stipulations seeking to adjourn the three other motions, that he had missed the deadline. Given the broad discretion afforded Supreme Court to consider a late motion, Noble's counsel offered a satisfactory explanation for the untimeliness (see Bank of N.Y. Mellon v Davis, 209 AD3d 426, 426 [1st Dept 2022]).

However, Supreme Court should not have dismissed Copps's third-party claims against Noble for common-law indemnification and contribution. The record evidence raises triable issues of fact as to the extent of any negligence by Copps and Noble related not only to supervision of Peterson's work, but also as to whether Noble bears responsibility for the pre-incident decision to reject Copps and Peterson's recommended change in means and methods (see CPLR 1401; McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378 [2011]; Trump Vil. Section 3 v New York State Hous. Fin. Agency, 307 AD2d 891, 895 [1st Dept 2003]). Contrary to Noble's contention, Copps does not seek purely economic loss resulting from a breach of contract; rather, plaintiffs sued Copps separately for negligence in the exercise of its supervision over Peterson's work (see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 26, 28 [1987]).

Similarly, summary judgment to Noble on the third-party counterclaim should have been granted only conditionally, given the triable issues regarding direction and control over the means and methods employed (see e.g. Mancusi, 199 AD3d at 463-464).

[*5]

Finally, Supreme Court providently exercised its discretion in denying plaintiffs' motion to preclude Peterson from offering an affidavit or report from its expert in opposition to its summary judgment motion and at trial (see CPLR 3126[2]; MSCI Inc. v Jacob, 120 AD3d 1072, 1075 [1st Dept 2014]). Peterson's expert disclosure was insufficient because plaintiffs were "not . . . enlightened to any appreciable degree about the content of the expert's anticipated testimony" (Chapman v State of New York, 189 AD2d 1075, 1075 [3d Dept 1993]; see CPLR 3101[d][1][i]). Nonetheless, the conclusion that a party failed to comply with a discovery notice does not require unconditional granting of a preclusion motion (see Chapman, 189 AD2d at 1075). The law is well settled that in order to impose the drastic remedy of preclusion, a court must determine that the offending party's failure to comply with disclosure "was willful, deliberate and contumacious" (Siegman v Rosen, 270 AD2d 14, 15 [1st Dept 2000]). Plaintiffs have not sustained this burden, nor have they shown prejudice, as they were able to address the expert's opinions in reply and received Peterson's theories of the case well in advance of trial (see Rivera v Montefiore Med. Ctr., 123 AD3d 424, 425-426 [1st Dept 2014], affd 28 NY3d 999 [2016]).

We have considered the remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 2, 2026