Owens v New Empire Corp.

2026 NY Slip Op 02376

April 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

John Owens et al., Respondents,

v

New Empire Corp., et al., Defendants, US Weatherseal Windows & Doors Operation Inc., Appellant.

Decided and Entered: April 21, 2026

Index No. 654796/23|Appeal No. 6426|Case No. 2024-05097|

Before: Renwick, P.J., Friedman, Gesmer, Pitt-Burke, Hagler, JJ.

Sheeley LLP, New York (Jon D. Lichtenstein of counsel), for appellant.

Bergstein Flynn Knowlton & Pollina PLLC, New York (Bradley P. Pollina of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about July 17, 2024, which denied the motion of defendant US Weatherseal Windows & Doors Operation Inc. under CPLR 3211(a)(7) to dismiss plaintiffs' eleventh cause of action for negligence, unanimously affirmed, with costs.

Plaintiffs, unit owners of a condominium, alleged that Weatherseal negligently designed, manufactured, and installed the windows for the building with the result that the sash does not seal tightly against the frame, and that Weatherseal made multiple visits to the affected units but failed to cure the defect. The alleged negligence in design, installation and faulty repairs of the windows caused persistent water leaks that damaged the drywall and hardwood floors of the affected units.

Weatherseal's motion to dismiss plaintiffs' sole cause of action against it was properly denied. Although a contractual obligation generally does not create liability in favor of a third party, there are three recognized exceptions to this general rule (see Stiver v Good & Fair Carting & Moving, Inc., 9 NY3d 253, 257 [2007]; Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]). Here, plaintiffs have sufficiently alleged facts to show that, at this pre-discovery stage, an exception applies in that Weatherseal may have "create[d] an unreasonable risk of harm to others" or "increased that risk" in its design, installation and repair of the windows (Powell HIS Contrs., Inc., 75 AD3d 463, 464 [1st Dept 2010]). This exception to the general rule is not limited to personal injury actions and extends to actions involving property damage (see Karydas v Ferrara-Ruurds, 142 AD3d 771, 772 [1st Dept 2016]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 21, 2026