## (May 10, 1965)

■ RALPH CANGIANO, Respondent, v. CHARLES LO BOSCO & SON, INC., Appellant-Respondent, and L & N CONSTRUCTION CORP., Appellant. CHARLES LO BOSCO & SON, INC., Third-Party Plaintiff-Appellant, v. BEN RASTELLI et al., Copartners Doing Business under the Name of RASTELLI AND PALTROW, Third-Party Defendants-Respondents.— In a negligence action to recover damages for personal injury, in which the defendant Charles Lo Bosco & Son, Inc., commenced a third-party action against Ben Rastelli and Albert Paltrow (copartners doing business as Rastelli and Paltrow), the said defendant Lo Bosco and the defendant L & N Construction Corp. appeal as follows from a judgment of the Supreme Court, Kings County, entered December 10, 1963 after a jury trial: (1) Each of the said defendant corporations appeals, as limited by its brief, from so much of the judgment as, upon the jury's verdict, awarded damages to the plaintiff against it. (2) The defendant corporation Lo Bosco also appeals from so much of the judgment as, upon the court's decision, dismissed its third-party complaint. Judgment, insofar as it is in the plaintiff's favor and against the two corporate defendants, Lo Bosco and L & N, reversed on the law, without costs, and complaint dismissed, without costs. The findings of fact implicit in the verdict are affirmed. Appeal from the judgment, insofar as it dismissed the third-party complaint of the corporate defendant Lo Bosco, dismissed as academic, without costs. This action was brought to recover damages for personal injury sustained as a result of the alleged negligence of the two corporate defendants, L & N Construction Corp. and Charles Lo Bosco & Son, Inc. The L & N corporation owned wooded property on which it desired to construct houses; and it employed the Lo Bosco corporation to clear and grade the property. Lo Bosco employed the partnership of Rastelli and Paltrow to do part of the clearing of trees and the grading. Plaintiff, an employee of the said partnership, was seriously injured by the branch of a tree when at the direction of his employers (Rastelli and Paltrow),

who had just felled the tree, plaintiff attempted to push the tree out of the street with a bulldozer which he was then operating. The case was submitted to the jury on the theory that the owner and general contractor were obligated under rule 23-41 of the Industrial Code promulgated by the New York State Board of Standards and Appeals (12 NYCRR 23-48 [b]) to protect the plaintiff by a cab. It is admitted that the bulldozer, which was supplied by the plaintiff's employers, had no cab. The rule on which plaintiff relies concerns steam shovels and other stationary excavating machines rather than bulldozers. In our opinion, the reversal of the judgment in the plaintiff's favor is clearly required by recent decisions which make it apparent that, in the absence of an assumption of control by the owner or general contractor, the Rules of the Board of Standards and Appeals cannot operate to shift to them the responsibility fixed on the employer (cf. *Wright* v. *Belt Assoc.*, 14 N Y 2d 129, 135). Although subdivision 6 of former section 241 of the Labor Law permitted the promulgation of rules applying to owners and general contractors engaged in building construction, demolition and excavation, it does not follow that *all* the rules of the board were promulgated under this section and, hence, that they necessarily apply to owners and general contractors (*Komar* v. *Dun & Bradstreet Co.*, 284 App. Div. 538). Both of the cases cited point out the undesirability of dividing the authority for employing safe methods and equipment between an employer and an owner or general contractor when the latter two, unless they are directing the performance of the work, are not likely to be familiar with such methods and equipment. The necessity for individual authority and responsibility is also apparent from the separate line of decisions which hold that no duty is imposed on owners or general contractors to inspect or repair tools or machinery furnished by the subcontractor to his employees (*Iacono* v. *Frank & Frank Contr. Co.*, 259 N. Y. 377, 381; *Broderick* v. *Cauldwell-Wingate Co.*, 301 N. Y. 182; *Gambella* v. *Johnson & Sons*, 285 App. Div. 580). Owners and general contractors are responsible for the safety of the commonly used portions of the work premises. The equipment, methods and work spaces of the subcontractor are his sole responsibility. The Rules of the Board of Standards and Appeals do not add the responsibility of the subcontractor to the responsibility of the owner and general contractor (see *Naso* v. *Wates & Co.*, 21 A D 2d 679). Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.