■ WALTER FORD, SR., Appellant, v LUIGI CALIENDO & SONS, INC., Defendant and Third-Party Plaintiff-Respondent, and NURGE AVENUE HOLDING Co., Respondent. MIDDLE VILLAGE FLOORING, INC., Third-Party Defendant. [757 NYS2d 897] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), entered December 10, 2001, as granted those branches of the separate cross motions of the defendants Luigi Caliendo & Sons, Inc., and Nurge Avenue Holding Co., which were for summary judgment dismissing the complaint insofar as asserted against them.

Justice Townes has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is modified by deleting the provision thereof granting that branch of the cross motion of the defendant Luigi Caliendo & Sons, Inc., which was for summary judgment dismissing the Labor Law § 200 cause of action and substituting therefor a provision denying that branch of that cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellant payable by the defendant Luigi Caliendo & Sons, Inc., and the Labor Law § 200 cause of action insofar as asserted against the defendant Luigi Caliendo & Sons, Inc., is reinstated.

This action arises out of a work site accident in which the plaintiff, during the course of his employment with the third-party defendant Middle Village Flooring, Inc., sustained injuries when the vapors of a floor sealant which he was using ignited. The cause of the fire was attributed to an open pilot light in the kitchen. The property was owned by the defendant Nurge Avenue Holding Co. The defendant Luigi Caliendo and Sons, Inc. (hereinafter Caliendo), was the project's general contractor.

The Supreme Court erred in granting summary judgment to Caliendo dismissing the Labor Law § 200 cause of action insofar as asserted against it. Issues of fact exist as to whether Caliendo knew or should have known of the alleged dangerous condition on the property which caused the plaintiff's injuries (*see Shipkoski v Watch Case Factory Assoc.*, 292 AD2d 587 [2002]).

The plaintiff's remaining contentions are without merit. Feuerstein, J.P., McGinity, H. Miller and Townes, JJ., concur.