■ ALBERT ABAYEV et al., Respondents, v JAYPSON JEWELRY MANUFACTURING CORP. et al., Appellants, et al., Defendants. [769 NYS2d 563]—

In an action to recover damages for personal injuries, etc., the defendants Jaypson Jewelry Manufacturing Corp., J. Posner & Sons, Inc., doing business as Jaypson Jewelry, and Bernard Posner appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated January 24, 2003, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The infant plaintiff was working in a jewelry factory operated by the defendant Alex Kateau on premises subleased from the appellants. He was severely burned when a torch he was using ignited a container of alcohol on his work bench. The plaintiffs subsequently commenced this action against the appellants, Alex Kateau, doing business as World Wide Casters, and Alex Kateau, individually.

The Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Although we disagree with the Supreme Court's conclusion that the appellants exercised supervision and control over the infant plaintiff's work, they may be liable under Labor Law § 200 and based on common-law negligence due to their actual or constructive notice of the allegedly dangerous condition on the premises which caused the infant plaintiff's injuries, regardless of whether they supervised his work (*see Blanco v Oliveri,* 304 AD2d 599 [2003]). The appellants failed to meet their burden of establishing as a matter of law that they did not have notice of the allegedly dangerous condition on the premises (*see Ford v Caliendo & Sons,* 305 AD2d 368, 369 [2003]).

Contrary to the Supreme Court's determination, the appellants established as a matter of law that the infant plaintiff was not their employee, and the plaintiffs failed to raise a triable issue of fact regarding their claim of "dual employment" (*see generally Thompson v Grumman Aerospace Corp.,* 78 NY2d 553 [1991]). However, the appellants' potential liability under Labor Law § 200 and based on common-law negligence is predicated on their status as the lessees of the premises and the duty they owed to Kateau's employees who were working there (*see Sinzieri v Expositions, Inc.,* 270 AD2d 332 [2000]). Florio, J.P., Friedmann, Townes and Cozier, JJ., concur.