Orders, Supreme Court, New York County (Joan A. Madden, J.), entered on or about April 12, 2011 and April 19, 2011, which, to the extent appealed from as limited by the briefs, in an action for personal injuries sustained by plaintiff when the temporary floor on which he was working collapsed, granted defendant owners’ motion for summary judgment to the extent of dismissing plaintiffs Labor Law §§ 240 (1) and 241 (6) claims as against them, and denied the motion with respect to plaintiffs Labor Law § 200 and common-law negligence claims, granted defendant engineer’s motion for summary judgment dismissing the complaint and all cross claims as against it, and denied plaintiffs cross motion for leave to serve an amended bill of particulars, and for partial summary judgment as to li *437 ability on his sections 240 (1) and 241 (6) claims, modified, on the law, to dismiss plaintiffs section 200 and common-law negligence claims as against the owners, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against defendant owners Rafael Dagan and Jacklin Dagan.
The owners made a prima facie showing of their entitlement to judgment as a matter of law under the homeowner’s exemption of Labor Law §§ 240 (1) and 241 (6). It is undisputed that the sole purpose of the construction work was to convert a multiple dwelling into a one-family dwelling for the owners’ use (Stejskal v Simons, 3 NY3d 628, 629 [2004]). The owners also submitted evidence, including their contract with the general contractor and deposition testimony, showing that they did not direct or control the work at issue (see Affri v Basch, 13 NY3d 592, 595-596 [2009]; Chowdhury v Rodriguez, 57 AD3d 121, 126-127 [2008]). Plaintiffs evidence that the owners hired the contractors and visited the work site regularly failed to raise an issue of fact as to whether they directed or controlled the work (see Chowdhury, 57 AD3d at 127; Jenkins v Jones, 255 AD2d 805, 806 [1998]).
The engineer made a prima facie showing that it did not have the authority to direct, supervise or control the injury-producing work, and thus was not liable as an agent of the owners under Labor Law §§ 240 (1) and 241 (6). Indeed, the engineer’s contract with the owners provided that it did not have control over, and was not responsible for, “any construction means, methods, procedures, temporary structures or work.” In response, plaintiff failed to raise a triable issue of fact. The engineer’s contractual duty to visit the site “at periodic intervals” to determine if construction was in accordance with plans and specifications, is insufficient by itself to hold the engineer liable under Labor Law §§ 240 (1) and 241 (6), and there is no evidence otherwise to indicate that the engineer had the authority to direct or control the work at issue (see Carter v Vollmer Assoc., 196 AD2d 754 [1993]; Sikorski v Springbrook Fire Dist. of Town of Elma, 225 AD2d 1041 [1996]).
To support his Labor Law § 241 (6) claims, plaintiff cross-moved for leave to amend his bill of particulars to add provisions of the Industrial Code and Administrative Code of the City of New York. Because plaintiffs section 241 (6) claims were properly dismissed, the court properly denied leave to amend as moot.
The court, however, should have dismissed plaintiffs Labor Law § 200 and common-law negligence claims as against the *438 owners. With respect to plaintiffs claim pursuant to Labor Law § 200, the owners made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence that plaintiffs accident was caused by the means and methods employed by the general contractor, namely, the improper installation of a temporary floor, and that they had no supervisory control over the operation (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Lombardi v Stout, 80 NY2d 290, 295 [1992]). In response, plaintiff failed to raise an issue of fact. To the extent that plaintiffs injuries arose from a dangerous condition on the premises, which under the common law the owners were duty-bound to guard against, the owners established prima facie entitlement to summary judgment on plaintiffs common-law negligence claim by proffering evidence that they neither created the accident-causing condition (Wasserstrom v New York City Tr. Auth., 267 AD2d 36, 37 [1999], lv denied 94 NY2d 761 [2000]; Allen v Pearson Publ. Empire, 256 AD2d 528, 529 [1998]; Kraemer v K-Mart Corp., 226 AD2d 590 [1996]), nor had prior notice, actual or constructive, of it (Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]; Bogart v Woolworth Co., 24 NY2d 936, 937 [1969]; Irizarry v 15 Mosholu Four, LLC, 24 AD3d 373 [2005]). In response, plaintiff failed to raise a triable issue of fact, and summary judgment in favor of the owners was thus warranted.
The dissent argues that the record here raises an issue of fact with respect to notice such that the owners should not be granted summary judgment on plaintiffs common-law negligence or Labor Law § 200 claim. We disagree. The pertinent issue here is whether there is any evidence that the owners had actual or constructive notice of any structural deficiency of the temporary floor. The record is bereft of any evidence that prior to this accident the owners were ever actually aware that the floor was improperly installed or structurally deficient. Nothing in the record indicates that the floor, when viewed and stood upon, appeared or felt compromised. Accordingly, there is no evidence that the owners had actual notice. Nor is there any evidence that they had constructive notice. A defendant is charged with constructive notice of a defective condition when the condition is visible, apparent, and exists for a sufficient length of time prior to the happening of an accident to permit the defendant to discover and remedy it (Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]). Here, at best, the portions of the record upon which the dissent relies only establish that the owners had ample opportunity to observe any defective condition which might manifest itself. However, since the defective condition was latent and not visibly apparent, that *439 the owners were frequently present at the accident site even for prolonged periods of time is insufficient to establish constructive notice.
Plaintiff’s Labor Law § 200 and common-law negligence claims were properly dismissed as against the engineer; there is no evidence that the engineer had the contractual right to control the injury-producing work or that it failed to use due care in the exercise of its professional services (see Carter, 196 AD2d at 754). Concur — Mazzarelli, J.P., Friedman, Renwick and Román, JJ.
Catterson, J., dissents in part in a memorandum as follows: I must respectfully dissent to the extent that I would deny the defendant owners’ motion for summary judgment and reinstate the plaintiff’s Labor Law § 200 and common-law negligence claims against them insofar as they are based on a dangerous premises condition, and there is an issue of fact as to whether the homeowners had actual or constructive notice of the condition.
The following facts are established in the record: the defendants Rafael and Jacklin Dagan (hereinafter referred to as the homeowners) are the owners of a five-story building located at 333 East 51st Street in Manhattan (hereinafter referred to as the premises). The homeowners hired R & L Construction, Inc. to convert the building to a brick and limestone single-family townhouse. The homeowners also hired an architect and structural engineers to design plans for the renovation. The plaintiff was employed by R & L Construction as a laborer at the site.
According to the plaintiffs complaint and deposition testimony, on the morning of January 9, 2006, he was removing containers filled with dirt, stone, and brick when a section of the plywood floor on which he was standing collapsed. He injured his back, neck, and left knee when he fell approximately eight feet into the basement of the townhouse and a container fell on top of him. The plaintiff contends that skids of bricks were also stacked on top of the plywood flooring in the area of the collapse.
At deposition, the structural engineer hired by the homeowners testified that the plans for flooring specified that a layer of concrete be poured over metal Q-decking attached to metal joists and that the joists be placed into pockets in the wall. The engineer testified that areas of the underlying metal support joists had not been properly fastened into the walls, and in lieu of concrete, plywood had been laid on top of the metal support joists. Some portions of the plywood deck were fastened to the *440 underlying metal support joists while other portions were merely resting on top of the joists unsecured. The engineer and the plaintiffs expert engineer both testified that the utilization of plywood as temporary flooring was a deviation from the engineer’s original designs. The accident report filed subsequently by the engineer hired by the homeowners noted both that the temporary plywood flooring was placed on the floor joists in lieu of the permanent concrete floor deck and that the joists had buckled laterally under the load of the bricks stacked on the floor deck.
The plaintiff commenced this action pursuant to Labor Law §§ 240 (1), 241 (6) and 200, and common-law negligence. Following discovery, the homeowners moved for summary judgment dismissing all of the plaintiffs claims against them. The plaintiff opposed the motion and cross-moved for leave to serve an amended bill of particulars, and for partial summary judgment against the homeowners on the issue of liability under Labor Law §§ 240 (1) and 241 (6). The motion court granted the homeowners’ motion to dismiss the plaintiffs Labor Law §§ 240 (1) and 241 (6) claims; however, it denied the summary judgment motion with respect to the plaintiffs claim under Labor Law § 200 and common-law negligence and denied the plaintiffs cross motion. The homeowners now appeal the denial of their motion for summary dismissal of the plaintiffs Labor Law § 200 and common-law negligence claims.
On appeal, the homeowners argue, inter alia, that the plaintiff’s accident was caused by the “means and methods” used by R & L, the subcontractor and the plaintiffs employer. The plaintiff contends that the homeowners are not entitled to summary dismissal of the claim under Labor Law § 200 because they failed to establish that they lacked notice of the allegedly dangerous condition at the work site. The plaintiff submits that the homeowners had prior actual or constructive notice of the temporary plywood flooring, and thus of the dangerous premises condition. According to the plaintiff, his own testimony, coupled with the testimony of the engineer, raises an issue of fact that precludes summary judgment as a matter of law.
For the reasons set forth below, I agree. Contrary to the majority’s equivocal holding, in my opinion the plaintiff’s injuries resulted from a dangerous premises condition, and thus the issue to be determined at trial is whether the defendant homeowners had either constructive or actual notice of the condition.
As a threshold matter, there is no difference between asserting a claim based upon the common-law principles of negligence *441 or one which alleges that the defendant violated section 200 of the Labor Law. Section 200 is nothing more than a codification of the common-law duty of an owner or general contractor to provide a safe place to work. (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]; Rusin v Jackson Hgts. Shopping Ctr., 27 NY2d 103 [1970].) In other words, a claim arising pursuant to the provision is “tantamount to a common-law negligence claim in a workplace context.” (Mendoza v Highpoint Assoc., IX, LLC, 83 AD3d 1, 9 [1st Dept 2011].) Unlike Labor Law §§ 240 and 241, section 200 does not exempt one- and two-family homeowners from its scope.
The relevant portion of Labor Law § 200 states as follows: “All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein . . . All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons.” (Labor Law § 200 [1] [emphasis added].)
The plain language of the statute indicates there are two distinct prongs or categories to the provision: one pertains to the work premises and the requirement that they be maintained in a safe condition; the second pertains to work performance and the requirement of using material and tools in a safe manner and providing equipment and tools which are safe to use. The latter category is that part of the common-law duty to maintain a safe work site which was extended by statute to “include the tools and appliances without which the place to work would be incomplete.” (Hess v Bernheimer & Schwartz Pilsener Brewing Co., 219 NY 415, 418 [1916].) Over time, this latter category has been characterized as “means and methods” or “tools and methods” (see Persichilli v Triborough Bridge & Tunnel Auth., 16 NY2d 136,145 [1965]), or “methods or materials.” (Ortega v Puccia, 57 AD3d 54, 61 [2d Dept 2008].)
Further, unlike Labor Law §§ 240 and 241 where absolute liability attaches to an owner or general contractor, a plaintiff seeking recovery under the provision at issue must satisfy the liability standards of common-law negligence. In other words, where the plaintiffs injuries arise out of a dangerous premises condition, the plaintiff must show that the owner or general contractor either created the condition, or had actual or constructive notice of it sufficient for corrective action to be taken. (See Mitchell v New York Univ., 12 AD3d 200, 201 [1st Dept 2004], citing Gordon v American Museum of Natural History, 67 NY2d 836 [1986].) Where the plaintiffs injuries arise *442 because of an alleged defect or danger in the methods or material of the work, recovery against an owner or general contractor cannot be had “unless it is shown that the party to be charged exercised some supervisory control” over the methods of work or materials supplied. (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993].)* This is an “outgrowth of the basic common-law principle that ‘an owner or general contractor [sh]ould not be held responsible for the negligent acts of others over whom [the owner or general contractor] had no direction or control.’ ” (Ross, 81 NY2d at 505, quoting Allen v Cloutier Constr. Corp., 44 NY2d 290, 299 [1978].)
It is generally accepted that claims fall within one of the two categories. (Ortega, 57 AD3d at 61 [two categories “should be viewed in the disjunctive”].) The starting point of any analysis of Labor Law § 200 claims, therefore, should be to ascertain what caused the plaintiffs injury: whether it was caused by a dangerous premises condition, or whether the plaintiff was injured because of the unsafe manner in which the work was being performed, or because of defective tools and equipment.
The majority concludes that the owners have shown their prima facie entitlement to summary judgment under Labor Law § 200 through evidence indicating that the plaintiffs injuries were caused by the means and methods employed by R & L, notably the improper installation of the temporary flooring. In my opinion, the majority’s reliance on Comes v New York State Elec. & Gas Corp. (82 NY2d 876 [1993]), is misplaced. In Comes, the plaintiffs injury resulted from means and methods when he lifted a steel beam unassisted at the direction of his employer/ subcontractor. Thus, it should be noted that where a plaintiffs injury arises directly out of the means and methods, it is generally, as in Comes, the means and methods used by the plaintiff himself in the injury-producing activity, or is a result of the manner in which the plaintiff performs his own work, albeit at the direction of his employer or subcontractor. (Comes, 82 NY2d at 877; see also Wright v Belt Assoc., 14 NY2d 129, 134 [1964] [negligent act of subcontractor occurring as “detail of the work”]; Zucchelli v City Constr. Co., 4 NY2d 52 [1958] [floor *443 under construction collapsed because of negligent removal of shoring a few days before at subcontractor’s direction].)
In this case, the floor did not collapse because of the means or methods used by the plaintiff during its construction. The record reflects the undisputed statement in the plaintiffs affidavit that he did not “help erect or install that floor .... The plywood floor had been put down . . . several months before my accident” (emphasis added). Further, while reference has been made to the “temporary” nature of plywood flooring, this does not render it a floor under construction or a “work in progress.” Rather, according to the testimony of the structural engineer, the use of plywood as temporary flooring was a deviation from the engineer’s original designs. However, the fact that its defective condition initially arose from the “means and methods” used by the subcontractor does not end the inquiry.
Well-established precedent indicates that where the means and methods or “negligent act of another” results in a dangerous condition that is sufficiently long-established, it should be viewed as coming within the control of the owner as a dangerous premises condition. (Employers Mut. Liab. Ins. Co. of Wis. v Di Cesare & Monaco Concrete Constr. Corp., 9 AD2d 379, 382 [1959] [“(t)he duty of providing a safe place to work is a twofold duty .... The premises are made safe by the discovery of dangers ascertainable through reasonable diligence and remedying them .... They are kept safe by forbearance from creating new conditions of danger”].)
Hence, where the manner in which work was performed under another’s supervision results in a condition which “exist[s] for such a length of time that the [owner] as a question of fact was bound to have knowledge of [its] presence . . . [and] being for a long time completed, [it] must be held to be within the control of the owner.” (Wohlfron v Brooklyn Edison Co., Inc., 238 App Div 463, 466 [2d Dept 1933] [emphasis added].) Alternatively, where a negligent act or manner in which work is performed by another impacts the “commonly used portions of the work premises” (Cangiano v Lo Bosco & Son, 23 AD2d 860, 861 [1965]), or the “ways or approaches to the [work site]” an owner/general contractor has the duty of making it safe. (Di Cesare, 9 AD2d at 385; see also Caspersen v La Sala Bros., 253 NY 491, 495 [1930, Cardozo, Ch. J.], citing Mortensen v Magoba Constr. Co., 248 NY 577 [1928] [defendant general contractor liable for the plaintiff worker’s injury when concrete floor newly installed by a subcontractor and on which bags of cement were placed collapsed while the plaintiff was walking across it].)
Given the foregoing, in my opinion the only issue to be *444 determined is whether the homeowners had actual or constructive notice of the dangerous premises condition. (See Murphy v Columbia Univ., 4 AD3d 200 [1st Dept 2004].) To constitute constructive notice, a defect must be visible and apparent and must exist for a sufficient length of time prior to the accident to permit a defendant owner to discover and remedy it. (See Gordon v American Museum of Natural History, 67 NY2d 836 [1986], supra; Irizarry v 15 Mosholu Four, LLC, 24 AD3d 373 [2005]; Kraemer v K-Mart Corp., 226 AD2d 590 [1996].)
The record here demonstrates material issues of fact sufficient to defeat the homeowners’ motion for summary judgment on the plaintiff’s Labor Law § 200 claim. According to testimony at deposition, Jacklin Dagan was present at the work site at the time of the accident. She testified that she visited the construction site on average four-to-five days per week, and spent a number of hours there each day. Prior to the collapse, Mrs. Dagan noticed the plywood flooring at the job site and could not recall whether the plywood was attached to the underlying joists or loosely laid upon them. Furthermore, she acknowledged that the debris containers did not belong on the plywood floor. According to her deposition, less than a week prior to the plaintiffs accident, she requested that an R & L supervisor arrange for the containers to be moved to the backyard. She also testified that when she first observed the bricks and debris containers on the floor, Mrs. Dagan asked the R & L supervisor: “Isn’t it better you put it in the backyard?”
Accordingly, I conclude that the motion court’s determination that the defendant homeowners are not entitled to summary dismissal of the Labor Law § 200 claims was proper.

 Although not an issue here, it should be noted that the Court of Appeals has rejected the idea of any sort of crossover between liability standards such as liability attaching when an owner or general contractor has “notice of the unsafe manner in which the work [is being] performed.” (Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 878 [1993].) Conversely, liability under Labor Law § 200 may be predicated solely on notice of a dangerous condition without any proof of supervision over the work involved. (Shipkoski v Watch Case Factory Assoc., 292 AD2d 589 [2d Dept 2002]; see also Kerins v Vassar Coll., 15 AD3d 623, 625 [2d Dept 2005].)