# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1043**
**CA 14-00281**
PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

CHERYL D. MAYER, AS ADMINISTRATRIX OF THE ESTATE
OF BRANDON M. ACKER, DECEASED,
PLAINTIFF-RESPONDENT,

V                                            MEMORANDUM AND ORDER

MATTHEW J. CONRAD AND AMY M. CONRAD,
DEFENDANTS-APPELLANTS.
------------------------------------------------
MATTHEW J. CONRAD AND AMY M. CONRAD,
THIRD-PARTY PLAINTIFFS-APPELLANTS-RESPONDENTS,

V

FISHER CONCRETE, INC., THIRD-PARTY
DEFENDANT-RESPONDENT-APPELLANT.

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
DEFENDANTS-APPELLANTS AND THIRD-PARTY PLAINTIFFS-APPELLANTS-
RESPONDENTS.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, WHITE PLAINS (DEBRA A.
ADLER OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.

SMITH, MINER, O'SHEA & SMITH, LLP, BUFFALO (R. CHARLES MINER OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie
County (Shirley Troutman, J.), entered May 23, 2013. The order, among
other things, denied in part the motions of third-party defendant and
defendants-third-party plaintiffs for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion of third-party
defendant in part and dismissing the third-party complaint insofar as
it seeks common-law indemnification and as modified the order is
affirmed without costs.

Memorandum: Plaintiff commenced this wrongful death action
arising out of a construction site accident, alleging violations of
the Labor Law and common-law negligence, and defendants thereafter
commenced a third-party action seeking common-law indemnification or
contribution from third-party defendant, Fisher Concrete, Inc.
(Fisher). Defendants hired Fisher to perform excavation work on their

property in connection with the construction of a new home.  Several weeks prior to the accident, Fisher excavated a portion of the property to prepare for the construction of a walk-out basement, which resulted in a seven- to nine-foot-high vertical embankment on the south side of the basement (hereafter, south bank or embankment).  On the date of the accident, Fisher was installing footers for the basement retaining walls, which involved digging small trenches next to the north and south walls and pouring concrete into the trenches.  Plaintiff's decedent, a Fisher employee, was working in the south trench smoothing concrete for the footer when the south bank collapsed onto him, inflicting fatal injuries.  Supreme Court granted those parts of the motions of defendants and Fisher for summary judgment dismissing the claims pursuant to Labor Law §§ 240 (1) and 241 (6), and defendants contend on appeal that the court should have granted their motion for summary judgment dismissing the complaint in its entirety.  Fisher contends that the court likewise should have granted its motion for summary judgment dismissing the complaint in its entirety, as well as the third-party complaint insofar as it seeks common-law indemnification.  We conclude that the court properly refused to dismiss the complaint in its entirety, but should have granted that part of Fisher's motion for summary judgment dismissing the third-party complaint to that extent.  We therefore modify the order accordingly.

Labor Law § 200 is a codification of the common-law duty imposed on property owners and general contractors to provide workers with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505).  "Cases involving Labor Law § 200 fall into two broad categories:  namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d 54, 61).  "Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (id.; see Ozimek v Holiday Val., Inc., 83 AD3d 1414, 1416).  Where, however, the worker's injuries stem from the manner in which the work was being performed, no liability attaches to the owner under the common law or under Labor Law § 200 "unless it is shown that the [owner] had the authority to supervise or control the performance of the work" (Ortega, 57 AD3d at 61; see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Lombardi v Stout, 80 NY2d 290, 295).

Defendants and Fisher contend that this is a "manner and method of work" case and thus that defendants are entitled to summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action because they did not have the authority to supervise or control the work.  We reject that contention.  Although there is no question that Fisher's excavation work created the dangerous condition at issue here, i.e., the unsecured embankment, we conclude that the embankment was "transformed . . . into a premises condition" inasmuch as it remained in that condition for several weeks prior to decedent's accident and neither decedent nor any other

employee of Fisher were working on the embankment at the time of the accident (*Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 148; *see Rodriguez v BCRE 230 Riverdale, LLC*, 91 AD3d 933, 934-935; *Soskin v Scharff*, 309 AD2d 1102, 1105-1106; *cf. Mohammed v Islip Food Corp.*, 24 AD3d 634, 635-638). We therefore conclude that the court properly denied those parts of the motions of defendants and Fisher seeking to dismiss the Labor Law § 200 claim and common-law negligence cause of action.

We further conclude that defendants and Fisher failed to establish that defendant-third-party plaintiff Matthew J. Conrad (defendant) lacked actual or constructive notice of the dangerous condition on the premises (*see Baker v City of Buffalo*, 90 AD3d 1684, 1685; *Ozimek*, 83 AD3d at 1416). The record establishes that defendant visited the construction site every morning, including on the date of the accident (*see Burton v CW Equities, LLC*, 97 AD3d 462, 462); that he engaged in regular conversations about the project with Fisher's owner, defendant's uncle, during those site visits; that the condition had existed for two to three weeks prior to the accident (*see DePaul v NY Brush LLC*, 114 AD3d 609, 609-610; *Picaso v 345 E. 73 Owners Corp.*, 101 AD3d 511, 512; *Crandall v Wright Wisner Distrib. Corp.*, 66 AD3d 1515, 1516-1517); and that it was visible as opposed to latent (*see Burton*, 97 AD3d at 462; *cf. Lopez v Dagan*, 98 AD3d 436, 438-439, *lv denied* 21 NY3d 855). Further, although defendant denied that he had any specialized training or expertise in excavation, he testified that he works "in construction," that he cleared and graded the site in preparation for construction, and that he owned one of the excavators that Fisher used during the course of the project. We thus conclude that there is an issue of fact whether Conrad knew or should have known that the seven- to nine-foot-high unsecured embankment posed a danger to the workers at the work site, and whether he should have taken steps to remedy that condition (*see Ford v Caliendo & Sons*, 305 AD2d 368, 369; *cf. Hockenberry v Mehlman*, 93 AD3d 915, 916-917).

With respect to the third-party complaint, we agree with Fisher that defendants' claim for common-law indemnification should be dismissed inasmuch as "there are no circumstances under which [defendants] could be held vicariously liable to [plaintiff] based on the negligence of a third party such as [Fisher]" (*Village of Palmyra v Hub Langie Paving, Inc.*, 81 AD3d 1352, 1353; *see Genesee/Wyoming YMCA v Bovis Lend Lease LMB, Inc.*, 98 AD3d 1242, 1244-1245; *Burkoski v Structure Tone, Inc.*, 40 AD3d 378, 381-382).

Entered:  November 21, 2014                        Frances E. Cafarell
                                                   Clerk of the Court