## Joseph v Memorial Hosp. for Cancer & Allied Diseases

2025 NY Slip Op 30591(U)

February 20, 2025

Supreme Court, New York County

Docket Number: Index No. 158336/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | HON. MARY V. ROSADO | PART 33M |
| | *Justice* | |

----------------------------------------------------------------X

CAPIL JOSEPH,

                       Plaintiff,

           - v -

MEMORIAL HOSPITAL FOR CANCER AND ALLIED
DISEASES, MEMORIAL SLOAN-KETTERING CANCER
CENTER (DAVID H. KOCH CENTER), NEW YORK
PRESBYTERIAN HEALTHCARE SYSTEM, INC.,AND
TURNER CONSTRUCTION COMPANY

                       Defendant.

----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158336/2021 |
| MOTION DATE | 02/23/2024 |
| MOTION SEQ. NO. | 001 |

**AMENDED DECISION + ORDER
ON MOTION[1]**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57

were read on this motion to/for                   JUDGMENT - SUMMARY     .

    Upon the foregoing documents, and after oral argument, which took place on September 10, 2024, where Brett Z. Mittler, Esq. appeared for Plaintiff Capil Joseph ("Plaintiff"), and Marc J. Lust, Esq. appeared for Defendants Memorial Sloan Kettering Cancer Center[2] ("Memorial Sloan") and Turner Construction Company ("Turner") (collectively "Defendants"), Plaintiff's motion for summary judgment on the issue of liability against Defendants on his Labor Law §§ 241(6) and 200 claims is granted in part and denied in part. Defendants' cross-motion for summary judgment dismissing Plaintiff's Labor Law § 240(1) claim and Plaintiff's Labor Law § 241(6) claim is granted in part and denied in part.

---

[1] This Amended Decision and Order supersedes this Court's prior Decision and Order dated January 17, 2025 (NYSCEF Doc. 67) to correct an omission in the decretal paragraph.
[2] Memorial Hospital for Cancer and Allied Diseases and Memorial Sloan-Kettering Cancer Center (David H. Koch Center) are improperly named Defendants. The correct name for these entities is Memorial Sloan Kettering Cancer Center.

**158336/2021   JOSEPH, CAPIL vs. MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES**     **Page 1 of 6**
**ET AL**
**Motion No. 001**

## I.    Background

This is an action for Plaintiff's personal injuries allegedly sustained when he slipped on a puddle of water. At the time of his accident, Plaintiff was employed as an ironworker for non-party Greg Beeche Logistics at 530 E. 74th Street, New York, New York (the "Premises"). Turner was the general contractor (NYSCEF Doc. 29 at 34). On the date of his accident, Plaintiff was in the machine room and while trying to exit, he slipped on a puddle of water (NYSCEF Doc. 29 at 37; 54). Plaintiff testified in the area where he slipped, there was no light. Derrick Rueda, a senior project manager with Turner, testified that he learned of Plaintiff's fall at around 7:20 a.m. (NYSCEF Doc. 27 at 92). Mr. Rueda observed water in the area where Plaintiff fell and wrote in the incident report that the lights were off (NYSCEF Doc. 27 at 97; 108; *see also* NYSCEF Doc. 31).

Plaintiff now moves for summary judgment. He argues that the puddle constituted a slipping hazard pursuant to Industrial Code § 23-1.7(d), and therefore he is entitled to summary judgment on his Labor Law § 241(6) claim. Plaintiff also seeks summary judgment on his Labor Law § 241(6) claim predicated on a violation of Industrial Code § 23-1.30 which governs illumination and a violation of § 23-1.7(e) which prohibits tripping hazards. Finally, Plaintiff seeks summary judgment on his Labor Law § 200 claim.

Defendants cross-move for summary judgment dismissing Plaintiff's Labor Law 240(1) claim and Plaintiff's Labor Law § 241(6) claims predicated on violations of Industrial Code §§ 23-1.5, 1.7, 1.15, 1.24, 2.1, 2.7, and OSHA. Defendants argue that dismissal of Plaintiff's Labor Law § 241(6) claims predicated on violations of Industrial Code § 1.7(e) is appropriate because Plaintiff did not trip on a sharp projection.

**158336/2021   JOSEPH, CAPIL vs. MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES     Page 2 of 6**
**ET AL**
**Motion No. 001**

[* 2]                                                                    2 of 6

## II. Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.,* 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

As held by the Court of Appeals, Labor Law § 241(6) imposes a non-delegable duty upon an owner and general contractor to "respond in damages" if a worker engaged in construction is injured due to inadequate safety and protection, even if the worker sustains an injury because of another party's negligence (*Rizzuto v L.A. Wenger Contracting Co.,* 91 NY2d 343, 350 [1998]). A general contractor is not absolved of liability for lack of notice of a dangerous condition or for lack of an opportunity to cure the dangerous condition (*Gallina v MTA Capital Construction Company,* 193 AD3d 414 [1st Dept 2021]).

### B. Plaintiff's Motion

Plaintiff's motion for summary judgment on his Labor Law § 241(6) claim predicated on violations of Industrial Code § 23-1.7(d) is granted.[3] Industrial Code 23-1.7(d) provides that

---

[3] Although Plaintiff did not provide a statement of material facts, and it is certainly always best practice to annex a statement of material facts to the motion papers, Part 33 does not require such a statement and therefore this omission is not fatal to the motion. Moreover, the Court would rather decide the motion on its merits and elects to overlook this technical defect pursuant to CPLR 2001.

**158336/2021 JOSEPH, CAPIL vs. MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES** **Page 3 of 6**
**ET AL**
**Motion No. 001**

"[e]mployers shall not suffer or permit any employee to use a floor...which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed..." The presence of the large puddle on the floor fits squarely within the definition of a violation of Industrial Code 23-1.7(d). Moreover, the mechanical room can be considered a passageway, as it was the only means of exiting onto the roof where Plaintiff had to work.

Industrial Code § 23-1.30 requires "[i]llumination sufficient for safe working conditions shall be provided wherever persons are required to work or pass in construction ....". Defendants' witness, Mr. Rueda, stated in his affirmation that when he entered the machine room after the accident "I activated the light switch" (NYSCEF Doc. 43 at ¶ 10). The affidavit of non-party Tom Cahill likewise states that the light near the roof door was off (NYSCEF Doc. 33). This constitutes a *prima facie* violation of Industrial Code 23-1.30 (*Oliveira v Top Shelf Electric Corp.*, 217 NYS3d 58 [1st Dept 2024]; *Capuano v Tishman Const. Corp.*, 98 AD3d 848 [1st Dept 2012]).

Defendants' argument that Plaintiff was not injured in a work area is contradicted by the evidence. The certificate of occupancy states that level 23 of the building was a "construction level" (*see* NYSCEF Doc. 50). The certificate of occupancy describes the floor where Plaintiff was injured as being used for "storage and mechanical equipment." Moreover, all witnesses agree that the room where Plaintiff was injured was the only way to reach the roof where Plaintiff was instructed to work, and the room was directly adjacent to the roof. There is no genuine dispute, therefore, that the area where Plaintiff was injured was part of an active work area. Defendants' argument that Plaintiff's Labor Law 241(6) claim should be denied due to triable issues of fact regarding notice contradicts precedent which states that notice is not a requirement of a § 241(6) violation (*see Rubino v 330 Madison Co., LLC*, 150 AD3d 603 [1st Dept 2017]).

**158336/2021 JOSEPH, CAPIL vs. MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES** **Page 4 of 6**
ET AL
Motion No. 001

4 of 6

However, Defendants are correct that Plaintiff is not entitled to summary judgment on his Labor Law § 241(6) claim predicated on Industrial Code § 23-1.7(e). That provision prohibits the existence of trip hazards. Plaintiff slipped, he did not trip. Plaintiff is likewise not entitled to summary judgment on his Labor Law § 200 claim. Labor Law § 200 requires notice of the dangerous condition (*Lopez v Dagan*, 98 AD3d 436 [1st Dept 2012]). There are issues of fact as to whether Defendants knew the lights were off, or that there was a leaky pipe.

### C. Defendants' Cross-Motion

Defendants' cross-motion to dismiss Plaintiff's Labor Law 240(1) claim and Plaintiff's Labor Law § 241(6) claims predicated on violations of Industrial Code §§ 23-1.5, 1.15, 1.24, 2.1, 27, and OSHA is granted without opposition. Defendants' cross-motion to dismiss Plaintiff's Labor Law § 241(6) claims predicated on violations of Industrial Code §§ 23-1.7(d) and 1.30 is denied as Plaintiff is entitled to summary judgment on those claims. Defendants' cross-motion to dismiss Plaintiff's Labor Law 241(6) claims predicated on violations of Industrial Code § 1.7(e) is granted as it is undisputed that Plaintiff was not injured by a trip hazard.

Accordingly, it is hereby,

ORDERED that Plaintiff's motion for summary judgment as to liability on his Labor Law § 241(6) claims predicated on violations of Industrial Code §§ 23-1.7(d) and Industrial Code § 23-1.30 against Defendants Memorial Sloan Kettering Cancer Center and Turner Construction Company is granted; and it is further

ORDERED that Plaintiff's motion for summary judgment as to liability on his Labor Law § 241(6) claims predicated on a violation of Industrial Code § 23-1.7(e) and Labor Law § 200 is denied; and it is further

**158336/2021 JOSEPH, CAPIL vs. MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES** **Page 5 of 6**
ET AL
Motion No. 001

[* 5]

5 of 6

ORDERED that Defendants' cross-motion to dismiss Plaintiff's Labor Law § 240(1) claim and Labor Law § 241(6) claim predicated on violations of Industrial Code §§ 23-1.5, 1.7(e), 1.15, 1.24, 2.1, 27, and OSHA is granted unopposed; and it is further

ORDERED that Defendants' cross-motion seeking dismissal of Plaintiff's Complaint is otherwise denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

_____2/20/2025_____
DATE

HON. MARY V. ROSADO, J.S.C.

CHECK ONE:
- [ ] CASE DISPOSED
- [x] NON-FINAL DISPOSITION
- [ ] GRANTED [ ] DENIED [x] GRANTED IN PART [ ] OTHER

APPLICATION:
- [ ] SETTLE ORDER
- [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:
- [ ] INCLUDES TRANSFER/REASSIGN
- [ ] FIDUCIARY APPOINTMENT
- [ ] REFERENCE

158336/2021   JOSEPH, CAPIL vs. MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES ET AL
Motion No. 001

Page 6 of 6

6 of 6

[* 6]