Parsons v County of Steuben (2025 NY Slip Op 04359)

Parsons v County of Steuben

2025 NY Slip Op 04359

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

498 CA 24-00843

[*1]STEVEN J. PARSONS, PLAINTIFF-APPELLANT-RESPONDENT,
v
COUNTY OF STEUBEN, AND MOTOROLA SOLUTIONS, INC., DEFENDANTS-RESPONDENTS-APPELLANTS. ——————————————————————————— MOTOROLA SOLUTIONS, INC., THIRD-PARTY PLAINTIFF-RESPONDENT, 
 MID-STATE COMMUNICATIONS & ELECTRONICS, INC., THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT. 

STANLEY LAW OFFICES, SYRACUSE (ANTHONY R. MARTOCCIA OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
UNDERBERG & KESSLER LLP, ROCHESTER (DAVID H. FITCH OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT COUNTY OF STEUBEN. 
GORDON, REES, SCULLY, MANSUKHANI, LLP, NEW YORK CITY (GABRIELLA SCARMATO OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT AND THIRD-PARTY PLAINTIFF-RESPONDENT MOTOROLA SOLUTIONS, INC. 
GOLDBERG SEGALLA, LLP, SYRACUSE (JAMES M. SPECYAL OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT. 

 Appeal and cross-appeals from an order of the Supreme Court, Steuben County (Patrick F. McAllister, A.J.), entered May 30, 2024 in a Labor Law and common-law negligence action. The order, among other things, denied plaintiff's motion for partial summary judgment and denied in part the cross-motions of defendant, defendant-third-party plaintiff, and third-party defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the cross-motion of defendant-third-party plaintiff seeking summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action and the cross-claims against it seeking common-law indemnification and contribution, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when a ladder fell on him at a worksite. Plaintiff alleged that defendant County of Steuben (County) had an easement for the property where the accident took place. The County entered into a contract with defendant-third-party plaintiff, Motorola Solutions, Inc. (Motorola), for it to, inter alia, install antennas on a telephone pole. Motorola subcontracted the work to third-party defendant, Mid-State Communications & Electronics, Inc. (Mid-State), plaintiff's employer. At the time of the accident, plaintiff and his coworkers were cleaning up the worksite for the day by, among other things, taking down ladders. Two of plaintiff's coworkers were taking down a 40-foot extension ladder that was leaning against a wooden telephone pole. The first coworker untied the top and middle straps securing the ladder to the pole as he descended the ladder. The second coworker then retracted the ladder while the first coworker held the ladder. Either the first coworker holding the ladder [*2]or the ladder itself, or both, slipped on ice on the ground. The ladder fell, striking plaintiff, who was standing nearby ready to carry a different ladder away from the worksite.
Plaintiff moved for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim. The County cross-moved for summary judgment dismissing the amended complaint and Motorola's cross-claims against it. Motorola cross-moved for summary judgment dismissing the amended complaint and the County's cross-claims against it. Mid-State cross-moved for summary judgment dismissing the amended complaint and the third-party complaint. Supreme Court denied plaintiff's motion and granted the cross-motions in part by dismissing the Labor Law § 240 (1) claim against the County and Motorola. Plaintiff appeals, and the County, Motorola, and Mid-State each cross-appeal.
With respect to the Labor Law § 240 (1) claim, we reject plaintiff's contention on his appeal that the court erred in denying his motion and in granting those parts of the cross-motions seeking summary judgment dismissing that claim. The ladder constituted a falling object, and in order to prevail on summary judgment, plaintiff was required to "demonstrate that at the time the object fell, it either was being 'hoisted or secured' . . . or 'required securing for the purposes of the undertaking' " (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662-663 [2014]; see Vicki v City of Niagara Falls, 215 AD3d 1285, 1287 [4th Dept 2023]). We conclude that the ladder did not require securing for the purposes of the undertaking (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [2001]; Shaheen v Hueber-Breuer Constr. Co., 4 AD3d 761, 762 [4th Dept 2004]; cf. Vasquez v Gilbane Bldg. Co., 224 AD3d 1232, 1233 [4th Dept 2024]), and that securing it "would have been contrary to the objectives of the work plan" (Salazar v Novalex Contr. Corp., 18 NY3d 134, 140 [2011]). It would be illogical to require plaintiff's coworkers to secure to a pole a ladder that they were removing from that pole. In addition, in support of their cross-motions, the County, Motorola, and Mid-State submitted evidence, including the testimony of plaintiff, that the straps had to be removed in order to retract the ladder and that no protective devices could have been used to prevent the ladder from falling while it was being taken down (cf. Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339 [2011]; see generally Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 11 [2011]). In opposition to the cross-motions, plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Although plaintiff's expert accurately stated that no mechanical means of securing the ladder to the pole were used at the time that it fell, he did not opine that any such means should have been used or could have been used as the ladder was being taken down.
With respect to plaintiff's Labor Law § 241 (6) claim, we reject the contentions of the County, Motorola, and Mid-State on their cross-appeals that the court erred in denying those parts of their cross-motions seeking summary judgment dismissing that claim. Plaintiff's claim is predicated on asserted violations of 12 NYCRR 23-1.7 (d) and 12 NYCRR 23-1.21 (b) (4) (ii). 12 NYCRR 23-1.7 (d) states that "[e]mployers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing." Contrary to the contentions of the County, Motorola, and Mid-State, the crushed gravel pad at the base of the telephone pole on which the ladder was situated and on which the workers were standing while setting up, using, and taking down the ladder constituted "the type of work surface enumerated" in the regulation (Bazdaric v Almah Partners LLC, 41 NY3d 310, 319 [2024]). 12 NYCRR 23-1.21 (b) (4) (ii) states that "[a]ll ladder footings shall be firm. Slippery surfaces and insecure objects such as bricks and boxes shall not be used as ladder footings." The County, Motorola, and Mid-State failed to establish as a matter of law that they did not violate those regulations or that any alleged violation was not a proximate cause of plaintiff's injuries (see Baker v City of Buffalo, 90 AD3d 1684, 1685-1686 [4th Dept 2011]).
With respect to plaintiff's Labor Law § 200 claim and his common-law negligence cause of action, plaintiff relies on the theory that his injury was the result of a dangerous condition at the worksite, i.e., the slippery surface caused by snow or ice. Where that theory is alleged, "a defendant landowner has the initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that it did not create or have actual or constructive notice of [the] dangerous condition" (Menear v Kwik Fill, 174 AD3d 1354, 1357 [4th Dept 2019]; see Forman v Carrier Corp., 172 AD3d 1920, 1920 [4th Dept 2019]; Mayer v Conrad, 122 AD3d 1366, 1367 [4th Dept 2014]). We reject the County's contention on its cross-appeal that the court erred in [*3]denying that part of its cross-motion seeking summary judgment with respect to that claim and cause of action. The County did not meet its initial burden of establishing that it did not have actual or constructive notice of the dangerous condition (see Mayer, 122 AD3d at 1368). We agree with Motorola on its cross-appeal, however, that the court erred in denying that part of its cross-motion seeking summary judgment dismissing that claim and cause of action against it, and we therefore modify the order accordingly. Plaintiff abandoned that claim and cause of action against Motorola by not opposing that part of Motorola's cross-motion seeking that relief and by not addressing it on appeal (see Bacon v Shults Mgt. Group, Inc., 233 AD3d 1481, 1483 [4th Dept 2024]).
We agree with Motorola that the court further erred in denying that part of its cross-motion seeking summary judgment dismissing the County's cross-claims against it for common-law indemnification and contribution, and we therefore further modify the order by dismissing those cross-claims. "[T]o establish a claim for common-law indemnification, the one seeking indemnity must prove not only that it was not guilty of any negligence . . . but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident" (Provens v Ben-Fall Dev., LLC, 163 AD3d 1496, 1499 [4th Dept 2018] [internal quotation marks omitted]; see Lagares v Carrier Term. Servs., Inc. [appeal No. 2], 204 AD3d 1456, 1459 [4th Dept 2022]). Here, Motorola met its initial burden on its cross-motion of establishing that it was free of any "negligence that contributed to the cause of [plaintiff's] accident" (York v Thompson Sta. Inc., 172 AD3d 1593, 1597 [3d Dept 2019] [internal quotation marks omitted]), and the County did not raise an issue of fact in opposition thereto. The common-law indemnification cross-claim as well as the contribution cross-claim therefore should have been dismissed (see Dejesus v Downtown Re Holdings LLC, 217 AD3d 524, 526-527 [1st Dept 2023]; Barto v NS Partners, LLC, 74 AD3d 1717, 1719 [4th Dept 2010]).
Contrary to the further contention of Motorola, however, the court properly denied that part of its cross-motion with respect to the County's cross-claim seeking contractual indemnification. "[T]he right to contractual indemnification depends upon the specific language of the contract" (Vega v FNUB, Inc., 217 AD3d 1475, 1479 [4th Dept 2023] [internal quotation marks omitted]; see Allington v Templeton Found., 167 AD3d 1437, 1441 [4th Dept 2018]). Under the contract between the County and Motorola, Motorola agreed to indemnify and hold the County harmless from "any and all liability . . . which may accrue against [the County] to the extent it is caused by the negligence of Motorola, its subcontractors, or their employees or agents." Inasmuch as there is an issue of fact whether plaintiff's injury was caused by the negligence of Mid-State, which was Motorola's subcontractor, Motorola is not entitled to summary judgment dismissing the County's cross-claim for contractual indemnification.
Motorola's further contention on its cross-appeal that it is entitled to a conditional order of contractual indemnification, common-law indemnification, and contribution from Mid-State is raised for the first time on appeal and is therefore not properly before us (see Sodhi v Dollar Tree Stores, Inc., 175 AD3d 914, 917 [4th Dept 2019]; Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). We have reviewed the parties' remaining contentions and conclude that they are without merit.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court